LEVIN ET AL., TRUSTEES, APPELLEES, *v.* ELYRIA SIGN CO., APPELLANT.

[Cite as Levin v. Elyria Sign Co., 1 Ohio App. 2d 542.]

(No. 1643—Decided March 24, 1965.)

*Messrs. Levin & Levin,* for appellees.
*Messrs. Burke, Haber & Berick,* for appellant.

BRENNEMAN, J. This case originated in the Court of Common Pleas of Lorain County.

Plaintiffs (appellees), Jacob Levin and Albert B. Ratner, trustees, filed a petition seeking damages, both actual and punitive, because of the removal by defendant (appellant), Elyria Sign Company, of two electric signs mounted on a building of the plaintiffs, and claimed by plaintiffs to be their property.

Defendant filed its answer which, in part, admitted that it had removed the signs, and further stated that such signs were not the property of plaintiffs but were, in fact, the property of Garfinkel Shoes, Inc. (a former tenant of plaintiffs), and that the removal was done "under the direction and authority of Garfinkel Shoes, Inc."

Plaintiffs filed a reply generally denying ownership of the signs by Garfinkel Shoes, Inc.

Issue was made upon these pleadings.

Upon trial, a verdict was returned in favor of plaintiffs, which verdict reads as follows:

"We the jury, being duly impaneled, sworn and affirmed, find the issues in this case in favor of the plaintiffs and assess the amount to the plaintiffs from the defendant, the said Elyria Sign Company, at the sum of none dollars and punitive damages at the sum of seven hundred dollars * * *."

The trial court refused to accept the verdict for the stated reason that "* * * you find for the plaintiffs against the defendant, the Elyria Sign Company, at no dollars. * * * However, you do then go on and assess punitive damages in the sum of $700. The court feels that this verdict is inconsistent * * *."

Defendant moved the court to declare a mistrial or, in the

alternative, inasmuch as the jury found no compensatory damage, to direct a verdict on behalf of the defendant, which motion was overruled and exceptions taken.

At the court's direction, and upon a further instruction as to damages, the jury reconsidered its verdict, and returned a second verdict assessing actual damages at $400 and punitive damages at $700.

Upon these pleadings and record, this case is appealed on questions of law.

Six errors are assigned by appellant.

The second assignment of error charges the trial court erred in its general charge by submitting to the jury the question of punitive damages.

The record discloses that the only knowledge the defendant had concerning the ownership of the signs was that they were erected and paid for by Garfinkel, Inc.; that the removal was ordered in the same manner as the original installation; and that, in addition thereto, the defendant had no knowledge of any claim of the plaintiffs to the ownership of the signs until some time after the removal.

There is no evidence in the record of any act on the part of the defendant of malice, intentional wrongdoing, fraud, or other outrageous conduct in the removal.

Upon these facts, the trial court charged the jury on punitive damages.

We are of the opinion the trial court committed prejudicial error for two reasons:

1. The lack of evidence of malice, fraud, intentional wrongdoing or other outrageous conduct of a similar nature on the part of the defendant upon which a charge on punitive damages could be predicated;

2. The charge on punitive damages as given by the court, did not include the elements of wrongdoing, fraud or malice as to defendant's conduct, which elements are a prerequisite before punitive damages may be assessed by a jury.

See: *Saberton* v. *Greenwald,* 146 Ohio St. 414; *Smithhisler* v. *Dutter,* 157 Ohio St. 454 at 459; *Davis* v. *Tunison,* 168 Ohio St. 471; and *Armstrong* v. *Feldhaus, Sr.,* 87 Ohio App. 75.

We have examined all other claimed errors and find none prejudicial to the substantial rights of the appellant.

The judgment of the Court of Common Pleas is reversed, and the cause is remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and HUNSICKER, J., concur.