GEARHART, APPELLEE, *v.* ANGELOFF ET AL., APPELLANTS.

(No. 6171—Decided February 19, 1969.)

*Mr. A. P. Feldman* and *Mr. Albert S. Walker,* for appellee.

*Messrs. Belden & Eastman,* for appellants.

HUNSICKER, P. J. In this appeal on questions of law, the chief question revolves around a problem where actual and punitive damages were awarded against Robert Angeloff, and compensatory damages against his brother, Karl, partners in the operation of a bar in the city of Akron, Summit County, Ohio.

Tommy Gearhart, then twenty years of age, the plaintiff (appellee), entered the Elbow Grille on Arlington Street, Akron, Ohio, and purchased some beer. While he was seated at the bar, another person entered the Grille and caused a disturbance. One of the defendants, Karl Angeloff (an appellant), a partner in the business, tried to evict the troublemaker. In the tussle that followed, Karl and the troublemaker fell to the floor. It was at that time that Robert Angeloff, a partner, obtained a revolver and shot across the bar in the direction of the two men on the floor. The bullet grazed the arm of Tommy Gearhart. The police came while Tommy Gearhart was seated at the bar. He said nothing to anyone about being shot. Tommy Gearhart left

the bar, but returned with his sister in about a half hour, telling the Angeloffs that he had been shot. He then was taken by his sister to a hospital and there the abrasion on his arm was examined. He then returned home. He testified that he lost between two and three weeks' work because of the injury to his arm.

An action was commenced by Tommy Gearhart against both Robert Angeloff and Karl Angeloff for compensatory damages and punitive damages. Robert, his wife, Helen, and Karl Angeloff were partners in the operation of the Elbow Grille. There is nothing in this record which discloses that Karl Angeloff in any manner was involved in the wilful discharge of the gun. The fact that the brothers are partners does make them jointly responsible for the tortious acts of the other in a situation such as this. The maintenance of order in the bar was a normal business activity. Partners acting within the scope of the business are jointly liable for the tortious acts of another partner. *Vrabel* v. *Acri,* 156 Ohio St. 467.

The next question concerns the assessment of punitive damages against Robert Angeloff. There is sufficient credible evidence to sustain the judgment for compensatory damages against both Robert and Karl.

In *Smithhisler* v. *Dutter,* 157 Ohio St. 454 at 461, the Supreme Court of Ohio quoted with approval the statement concerning punitive damages made by Judge Hart of that court in a dissenting opinion, in *Saberton* v. *Greenwald,* 146 Ohio St. 414, 165 A. L. R. 599, where, at page 437, he said:

"This court has, over the years, recognized the propriety of submitting to a jury the question of the assessment of punitive damages in certain tort cases where the defendant's wrongdoing has been intentional and deliberate, or has the character of outrage frequently associated with crime. Not all tort actions are of such a character as to warrant the assessment of punitive damages. Generally the application of the doctrine is confined to cases where there is involved actual malice, interference with marital relations, or wanton personal injury, such as in cases of

seduction, assault and battery, false imprisonment, or wrongful expulsion from public passenger vehicles or places of public entertainment.''

In the instant action, there is no question that Robert Angeloff pointed the gun in the general direction of the two men who were on the floor of the barroom, but, in so doing, he also got Tommy Gearhart in his line of fire. Tommy Gearhart says that he dodged to avoid the revolver which was then pointed at him, but, apparently, he did not get over far enough to escape being grazed by the bullet.

It has been determined that the malice which gives rise to a claim for punitive damages need not always be actual malice, but may also be implied malice. *Smithhisler* v. *Dutter*, 157 Ohio St. 454. It has also been the rule in Ohio that ''* * * punitive damages are not recoverable in an action for damages on account of negligence * * *.'' *Petrey* v. *Liuzzi*, 76 Ohio App. 19.

16 Ohio Jurisprudence 2d 287, Section 151, on the subject of damages, says:

''In accord with the general rule elsewhere, Ohio courts deny the recovery of exemplary damages for mere negligence or omissions of duty. * * * If, however, the negligence is so gross as to show a reckless indifference to the rights and safety of other persons, regardless of all social duties and to raise a presumption of conscious indifference to consequences, or is wilful, the jury may be authorized to add exemplary damages. * * *.''

This court has heretofore indicated that intentional wrongdoing, or other outrageous conduct, would give rise to an award of punitive damages. *Levin* v. *Elyria Sign Co.,* 1 Ohio App. 2d 542.

In 98 A. L. R. 267, there is found an annotation on the subject of our present question, wherein the general rule is stated that exemplary damages are not recoverable for mere negligence. An early case in this state, *Kuchenmeister* v. *O'Connor*, 9 O. D. Rep. 159 at 160, says that gross negligence which shows a reckless indifference to the rights and safety of other persons will warrant a jury in giving exemplary damages. See, also: 22 American

146

Jurisprudence 2d 344, Damages, Section 252; 25 Corpus Jurus Secundum 1147, Damages, Section 123(8).

We must conclude that the law in this state permits a recovery of punitive damages for negligence where that negligence is so gross as to show a reckless indifference to the rights and safety of other persons.

We have examined all claims of error and find none prejudicial to the substantial rights of the appellants.

*Judgment affirmed.*

DOYLE and BRENNEMAN, JJ., concur.