PAYNE ET AL. *v.* DALEY.

(No. A-756218—Decided May 5, 1977.)

Court of Common Pleas of Hamilton County.

*Mr. G. Mitchel Lippert,* for plaintiffs.
*Messrs. Lindhorst & Dreidame* and *Mr. Richard J. Schimpf,* for defendant.

NURRE, J.   This cause comes before the court on a motion for summary judgment by the defendant under Rule 56 of the Ohio Rules of Civil Procedure as to the third claim of the amended complaint herein.

Plaintiff originally filed a complaint setting up a claim against the defendant for negligently striking the rear of the plaintiff's automobile.   A year and two months later, the plaintiff filed an amended complaint adding the third claim seeking punitive damages in the amount of $50,000 and attorney's fees and claiming that the defendant operated her motor vehicle (while under the influence of alcohol) in a manner as to show a reckless indifference to the rights and safety of other persons in negligently striking the plaintiff's vehicle.

## ISSUE

Whether or not the defendant is entitled to summary judgment as to the issue of punitive damages in the third claim under current Ohio law.

## DISCUSSION

The court is aware of no case reported in Ohio which has discussed the appropriateness of punitive damages in a

personal injury case arising from an automobile accident allegedly resulting from the defendant's driving while intoxicated. Whether or not punitive damages may be awarded in such a case appears to be one of first impression. In order to answer the question, the court must first consider the purpose of and the criteria for the awarding of punitive damages in Ohio. Secondly, a look at how other states have answered the question must be examined.

Turning first to the general rule of punitive damages in Ohio, this court must consider *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178, in which the Supreme Court held that punitive damages may be awarded in tort cases involving fraud, insult or malice. Although the court stated that actual malice is a requirement for the awarding of punitive damages, it also held that intentional, reckless, wanton, wilful and gross acts which cause injury to property or person may be sufficient evidence of that degree of malice required to support an award of punitive damages in tort actions. Actual malice may be inferred from conduct and from surrounding circumstances. Several months earlier, however, the same court disclosed that "our research fails to disclose a case in which this court has awarded punitive damages for alleged wanton misconduct, and only one case in which an Ohio Court of Appeals has done so." *Ranells* v. *Cleveland* (1975), 41 Ohio St. 2d 1, 5. The Court of Appeals case referred to by the Supreme Court in *Ranells, supra,* was *Gearhart* v. *Angeloff* (1969), 17 Ohio App. 2d 143, in which the court held that punitive damages may be recovered in an action for negligence where such negligence is so gross as to show a reckless indifference to the rights and safety of other persons. The court went on to state that actual malice is not needed to justify an award of punitive damages, but that implied malice may suffice. The Supreme Court of Ohio, in 1969, held that: " 'It is an established principle of law in Ohio that in actions to recover damages for tort, which involves the ingredients of fraud, malice or insult, or the wanton or reckless disregard of the legal rights of others, the jury may go beyond the rule of mere compensation of the party aggrieved,

and reward exemplary or punitive damages. * * *' " *Bush* v. *Kelley's, Inc.* (1969), 18 Ohio St. 2d 89, 93. *See, also,* 16 Ohio Jurisprudence 2d Rev., Damages, Section 162, which states: "[i]f * * * the negligence is so gross as to show a reckless indifference to the rights and safety of other persons, regardless of all social duties, and to raise a presumption of conscious indifference to consequences, or is wilful, the jury may be authorized to add exemplary damages."

Defendant cites *Johnson* v. *Knipp* (1973), 36 Ohio App. 2d 218, for the proposition that lawsuits, in personal injury cases, are to compensate the injured party, and not to punish the tortfeasor. It should be noted that the *Johnson* case is a case of simple negligence. The court held that if a case warrants the awarding of punitive damages, then such damages should be pleaded and proven. Such was not done in the *Johnson* case resulting in the court's correct definition of damages in simple negligence cases.

Those cases that allow punitive damages in Ohio recognize the accepted principle that punitive damages are intended to punish the tortfeasor and to act as a deterrent to others. 16 Ohio Jurisprudence 2d Rev., Damages, Section 153.

The state of Arkansas awards punitive damages to punish the wrongdoer and as an example to others. Punitive damages are a penalty for willful, wanton and culpable negligence. The Arkansas courts hold that driving while intoxicated is distinctly anti-social and a wanton disregard to the rights and safety of others. *Arkansas* allows the jury to determine whether and how much punitive damages should be awarded in such a case. *Holmes* v. *Hollingsworth* (1961), 234 Ark. 347, 352 S. W. 2d 96.

Driving while intoxicated in Connecticut, resulting in personal injury, is a question which the court submits to the jury in order to determine whether there has been wanton misconduct to justify the award of punitive damages. *Infeld* v. *Sullivant* (1964), 151 Conn. 506, 199 A. 2d 693.

In Illinois, in order to authorize the awarding of puni-

tive damages, either malice, violence, oppression or willful and wanton misconduct must be present. Malice is a question of fact to be considered by the jury. It is not necessary that express malice be proven in order to justify an award of punitive damages. If defendant has acted with a wanton, willful or reckless disregard of the rights of the plaintiff, malice may be inferred. Thus, the Illinois courts allow punitive damages in cases in which driving while intoxicated results in personal injury. *Madison v. Wigal* (1958), 18 Ill. App. 2d 564, 153 N. E. 2d 90.

The state of Iowa has held that evidence that defendant drove his automobile on a public highway in Iowa in such a manner as to collide with plaintiff justified an award of punitive damages. If the conduct complained of was wanton or in willful disregard of the plaintiff's rights and hence legal malice, it is immaterial how the malice is designated as the conduct itself justifies an award of punitive damages. *Sebastian v. Wood* (1954), 246 Iowa 94, 66 N. W. 2d 841.

In New Mexico, the defendant's admission of driving while intoxicated and reckless driving resulting in personal injury, without other evidence, was sufficient to support a finding of willful and wanton misconduct so as to allow punitive damages to be awarded. *Svejcara v. Whitman* (1971), 82 N. M. 739, 487 P. 2d 167.

A recent case in New York held that driving after becoming intoxicated constituted gross, willful and wanton negligence. As in Ohio (R. C. 4511.19), driving while intoxicated is a criminal offense in New York which the New York courts deem to be a sufficient basis for an award of punitive damages. *Colligan v. Fera* (1973), 76 Misc. 2d 22, 349 N. Y. Supp. 2d 306.

Oregon's Supreme Court has held that an award of punitive damages is proper in cases where the evidence shows that the defendant had been driving while intoxicated. Punitive damages are awarded in Oregon where a tort is committed with bad motives, or so recklessly as to imply a disregard of social obligations or where the defendant appears to have acted wantonly, maliciously or wick-

edly. The awarding of punitive damages lies in the discretion of the jury. *Harrell* v. *Ames* (1973), 265 Ore. 183, 508 P. 2d 211.

Pennsylvania awards punitive damages to punish the defendant for outrageous conduct and awards punitive damages when the act is done with reckless indifference as well as with bad motive. Driving while intoxicated, with its great potential for harm and serious injury may be deemed outrageous conduct and reckless indifference to the rights of others sufficient to allow punitive damages. *Focht* v. *Rabada* (1970), 217 Pa. Sup. 35, 268 A. 2d 157.

In Tennessee, where a truck driver was drunk and operating a truck with a reckless disregard for the rights and safety of others, punitive damages may properly be awarded against the defendant. *Pratt* v. *Duck* (1945), 28 Tenn. App. 502, 191 S. W. 2d 562.

Gross negligence, which would justify an award of punitive damages in Texas, is the entire want of care which raises the belief that the act complained of was the result of conscious indifference to the rights or welfare of persons to be affected thereby. The question of whether a driver was guilty of gross negligence for driving while intoxicated is a question for the jury. *Higginbotham* v. *O'Keeffe* (Tex. Civ. App. 1960), 340 S. W. 2d 350.

It should be noted that all states do not allow punitive damages for personal injuries resulting from defendant's driving while intoxicated. California requires more than gross negligence to justify an award of punitive damages.

California courts have held that one who become intoxicated, knowing that he intends to drive, is negligent, and perhaps grossly negligent, but not guilty of the malice required for an award of punitive damages. *Gombos* v. *Ashe* (1958), 158 Cal. App. 2d 517, 322 P. 2d 933.

The courts of Virginia agree that driving while intoxicated is negligent, but not a malicious act which those courts require for an award of punitive damages. *Baker* v. *Marcus* (1960), 201 Va. 905, 114 S. E. 2d 617. And, in Kansas, the court held that driving while intoxicated, with-

out regard to plaintiff's safety, was insufficient to state a cause of action for punitive damages. *Gesslein* v. *Britton* (1954), 175 Kan. 661, 266 P. 2d 263.

## CONCLUSION

The Ohio Supreme Court, as noted earlier, has held that punitive damages may be awarded where injury to person or property is caused by intentional, reckless, wanton, willful or gross acts. *Columbus Finance* v. *Howard, supra* (42 Ohio St. 2d 178). It seems impossible to argue today that the reasonable man (or woman) does not know that by drinking and driving the chances of causing injury to others is greatly increased. Driving while intoxicated clearly shows a reckless indifference to the rights and safety of others. It is up to the jury to determine whether defendant's actions are of such a nature that punitive damages should be awarded. 16 Ohio Jurisprudence 2d Rev., Damages, Section 154. It would be improper for this court to rule that, as a matter of law, driving while intoxicated cannot result in an award of punitive damages against the defendant.

Defendant's motion for summary judgment in her favor as to the third claim of the amended complaint is hereby denied.

*Motion denied.*