RICHARDS ET AL., APPELLANTS, *v.* OFFICE PRODUCTS COMPANY
ET AL., APPELLEES.

[Cite as Richards v. Office Products Co. (1977),
55 Ohio App. 2d 143.]

(No. E-77-11—Decided August 5, 1977.)

*Mr. Jerry B. Murray* and *Mr. Thomas F. Dewey*, for
appellants.
*Mr. Herbert P. Eastman*, for appellees.

POTTER, P. J. This cause of action and appeal result
from an intersection collision of two vehicles. Plaintiff
Anna Richards was a passenger in one, and the other was
driven by defendant Jack Hevner.

The original complaint asked only for compensatory
damages. Liability was admitted by the defendants and
the defense that Hevner was acting outside the course of
his employment was not raised in the pleadings or at trial.

Well in advance of the trial date, plaintiffs, appellants
herein, filed an amendment to their complaint and the
trial court, on November 12, 1975, permitted the plaintiffs
to amend their complaint as follows:

" (1). The plaintiffs since filing their complaint have
learned that the defendant was consuming alcohol prior to
the collision. 

" (2) The plaintiffs ask for punitive damages in the
sum of $1,000.00.

"The plaintiffs ask for a total judgment of $51,000.00."

On October 20, 1976, the plaintiffs attempted to amend their complaint to increase the request for punitive damages to $10,000. This was not allowed. The trial court refused to permit the jury to hear any evidence concerning punitive damages and refused to submit the issue of punitive damages to the jury. The case, prerecorded on videotape, was tried only on the issue of damages. The jury awarded Anna Richards $10,000 and Johnnie Richards $5,000. From the judgment, the plaintiffs appeal.

The sole assignment of error is, to wit:

"Where, at the outset of a case, defendants admit liability for an automobile collision, and where the videotape testimony indicates that defendant operated his automobile in a reckless manner and consumed substantial quantities of alcohol prior to the collision, it is prejudicial, reversible error for the trial court: (1) to refuse to grant plaintiffs' motion to increase their punitive damages prayer; (2) to refuse to admit evidence relative to the intoxication and reckless driving of defendant; and (3) to refuse to submit the issue of punitive damages to the jury with proper instructions."

For the reasons hereinafter set forth, we find the assignment of error well taken, reverse the judgment of the trial court and remand the case for further proceedings according to law.

The testimony in this case having been previously recorded on videotape, it may be presumed that one or both of the judges involved in pretrial and trial procedures viewed the tape prior to overruling plaintiffs' motion and submission of the damage issue to the jury. Thus, the trial judge was in a better position to determine the motion relative to punitive damages than a trial judge conducting a "live" trial where the evidence has not yet been adduced. However, the journal entry in this cause does not disclose the trial court's rationale in overruling plaintiffs' motion.

In the case of *Knibbs* v. *Wagner* (1961), 14 A. D. 2d, 987, 222 N. Y. Supp. 2d 469, the court stated, at 987, 222 N. Y. Supp. 470:

"The parties to this appeal ask us to decide as an abstract matter whether driving while intoxicated is a sufficient basis for an award of punitive damages. We do not believe it to be necessary or desirable to announce any rule with respect to this matter. *Each case must be decided upon its own particular facts.*" (Emphasis added.)

We agree with the italicized portion of the quotation, but if we were trial judges we would have difficulty finding it to be a homing beacon. We therefore make some limited observations which we hope may be of assistance on remand.

First, we find from the taped evidence that the jury could determine, as the plaintiffs assert, that the defendant Hevner was driving while intoxicated, went around a stopped car, ran the stop sign, caused a collision and fled the scene.

Under this set of facts we hold that the trial court erred in ruling that as a matter of law there was insufficient evidence to establish the necessary elements to warrant submission of the issue of punitive damages to the jury.

The question as to when a mere negligence case escalates to one involving both compensatory and punitive damages has been one involving considerable comments from courts and commentators.*

This court, by Judge Wiley, made some observations on the subject in the unreported case of *Martinez* v. *Wettrich*, Court of Appeals for Sandusky County, No. 703. We stated:

"* * *[W]herein at the outset of the case, the defendant has admitted liability for the accident, and where the plaintiff has prayed for punitive damages and where the evidence indicates that the defendant was operating his automobile in a reckless manner and had consumed eight or ten bottles of beer just prior to the accident, and where the court did submit the issue of punitive damages to the jury with proper in-

---

*See, in addition to cases and texts cited in the body of the opinion, the following: Annotation, 62 A. L. R. 2d 813, 816-21, Section 2(B); 3 A. L. R. 2d 203; 22 American Jurisprudence 2d 344, Damages, Section 252; 25 Corpus Juris Secundum 1147, Damages, Section 1238.

structions as to punitive damages, and where the jury returned a verdict for compensatory damages, but entered no award for punitive damages, it was not reversible error for the trial court to admit evidence relative to the intoxication on the part of the defendant. * * *"

In the above captioned case, we noted that in each of the cases of *Camerlin* v. *Starr* (1963), 94 Ohio Law Abs. 225; *Johnson* v. *Knipp* (1973), 36 Ohio App. 2d 218; and *Jarvis* v. *Hall* (1964), 3 Ohio App. 2d 321, no claim was made for punitive damages.

In *Gearhart* v. *Angeloff* (1969), 17 Ohio App. 2d 143, the Court of Appeals of Summit County set forth the Ohio rule as follows:

"Punitive damages may be recovered in an action for negligence where such negligence is so gross as to show a reckless indifference to the rights and safety of other persons." (Syllabus.)

That court also stated that intentional wrongdoing or other outrageous conduct would give rise to an award of punitive damages. While that court did not state it was adopting the law in the Restatement of Torts, relative to punitive damages, its pronouncement is of similar import. See, Restatement of Torts 554, Section 908 (1939) as follows:

"(1) 'Punitive damages' are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct.

"(2) Where punitive damages are permissible, their allowance and amount are within the discretion of the trier of fact. In assessing such damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff which the defendant caused or intended to cause, and the wealth of the defendant."

In 39 Ohio Jurisprudence 2d 519, Negligence, Section 23, the same principle is stated as follows:

"Also, upon the question of punitive or exemplary damages, the courts recognize that such damages may be awarded if the negligence of the defendant is so gross as to show a reckless indifference to the rights and safety of

other persons and to raise the presumption of conscious indifference to consequences.''

The above quote is referred to in similar language in 16 Ohio Jurisprudence 2d 186, Damages, Section 162.

The following cases are of interest not only for their legal and literary content and style but for their factual similarities, to wit, intoxication, speed, flight from the scene, etc. In *Focht* v. *Rabada* (1970), 217 Pa. Super. 35, 268 A. 2d 157, the court stated the following at 38, 268 A. 2d 159:

"The question for us, however, is whether we should hold that driving while under the influence of intoxicating liquors may, even in the absence of proof of bad motive, in certain circumstances, constitute such reckless indifference to the interests of others to come within the meaning of comment (b) of 908 of the Restatement of Torts.''

And at 40, 268 A. 2d 160:

"Nonetheless, we believe that driving while under the influence of intoxicating liquor with its very great potential for harm and serious injury may under certain circumstances be deemed 'outrageous conduct' and a 'reckless indifference to the interests of others' sufficient to allow the imposition of punitive damages."

In *Pelletti* v. *Membrila* (1965), 234 Cal. App. 2d 606, 44 Cal. Rptr. 588, the court in reference to the dichotomy in the law of torts between intended torts and accidental torts referred to that, "* * * callous state of mind willing to cause injuries to others." Further that the "evil intent" did not have to be articulated but could be reached through the medium of actual conduct. That court stated the following at 611, 44 Cal. Rptr. 591:

"Defendant's conduct contained the following elements: (1) intoxication; (2) speed excessive for the time and place and condition of the driver, as indicated by the testimony on swerving and by 116 feet of skid marks; (3) gross inattentiveness or gross incapacity in not seeing a pedestrian directly under a street light until 35 feet away; (4) flight from the scene, as direct evidence of defendant's indifference to the point of recklessness to the welfare of others. The concatenation of those factors pro-

vided sufficient basis to submit the issue of wilful misconduct to the jury. * * *''

See also 57 American Jurisprudence 2d 451, Negligence, Section 101; *Brooks* v. *Wootton* (C. A. 2, 1966), 355 F. 2d 177.

The foregoing propositions of law are incorporated in the Ohio Jury Instruction requested by the plaintiffs. We think the facts warranted the charge. It is as follows at 2 O. J. I., Section 259.39:

"If there was no actual malice, then there may be at law what is known as constructive or legal malice, or there may not. That is, if the defendant proceeded in reckless and wanton disregard of the rights of the plaintiff, then you would be justified in finding, if the evidence so indicates, that he was acting in malice that is, constructive malice. If he was, you may make such allowance for that as may seem in your judgment to be proper under the evidence and under the law. That is, if you find by a preponderance of the evidence that there was constructive malice, you may add punitive damages to any actual or compensatory damages that you may find. The jury is not required to award punitive damages, even though you find that there was actual or constructive malice."

Perhaps on remand new issues or defenses may be raised. See, for example, Morris, *Punitive Damages in Personal Injury Cases*, 21 Ohio St. L. J. 216.

This cause cannot be bifurcated and it will be remanded for a new trial or other proceedings. Plaintiffs accept the challenge that their bird in the hand may disappear in a legal thicket.

*Judgment reversed.*

WILEY and MOORHEAD, JJ., concur.

WILEY, J., retired, and MOORHEAD, J., of the Court of Common Pleas of Hancock County, retired, were assigned to active duty under authority of Section 6(C), Article IV, Constitution.