DETLING, APPELLANT, *v.* CHOCKLEY, APPELLEE.

(No. 81-1192—Decided June 9, 1982.)

*Mr. Allan Sherry,* for appellant.

*Messrs. Sommer, Antill, Solovan & Piergallini, Mr. Keith A. Sommer* and *Mr. Lawrence T. Piergallini,* for appellee.

*Per Curiam.* This case presents the question of whether evidence that a civil defendant was driving under the influence of alcohol at the time of an automobile accident in which he has admitted negligence is alone sufficient to raise a jury question

of punitive damages. For the reasons discussed herein, we answer the question in the negative.

Punitive or exemplary damages have long been allowed in civil tort actions in Ohio which involve ingredients of fraud, malice or insult. *Roberts* v. *Mason* (1859), 10 Ohio St. 277. "Such damages being punitive in their nature are an exception to the general rules that in private actions the injured party is to be made whole, and that acts deemed worthy of punishment are prosecuted by the state." *Western Union Telegraph Co.* v. *Smith* (1901), 64 Ohio St. 106, 116.

The rationale for allowing punitive damages has been recognized in Ohio as that of punishing the offending party and setting him up as an example to others that they might be deterred from similar conduct: "The principle of permitting damages, in certain cases, to go beyond naked compensation, is for example, and the punishment of the guilty party for the wicked, corrupt, and malignant motive and design, which prompted him to the wrongful act."* *Simpson* v. *McCaffrey* (1844), 13 Ohio 508, 522. See, also, *Rayner* v. *Kinney* (1863), 14 Ohio St. 283, 286-287; *Smith* v. *Pittsburg, Ft. W. & C. Ry. Co.* (1872), 23 Ohio St. 10, 18; *Railroad Co.* v. *Hutchins* (1881), 37 Ohio St. 282, 294. This form of civil punishment may be imposed even though the defendant may have been punished criminally for the same wrong. *Roberts* v. *Mason, supra,* paragraph one of the syllabus.

The operative concept in Ohio which permits the awarding of punitive damages is, in addition to fraud or insult, malice. *Leichtamer* v. *American Motors Corp.* (1981), 67 Ohio St. 2d 456, 471. Early reported cases defined malice only by comparison to juxtaposed synonyms: "wrongful intention," *Rayner* v. *Kinney, supra,* at page 287; "fraud, malice and other willful wrong," *Smith* v. *Pittsburg, Ft. W. & C. Ry. Co., supra,* at page 18; "wrongful act [that] was wanton or otherwise aggravated * * * willful, wanton or malicious," *Railroad Co.* v. *Hutchins, supra,* at page 294. More recent cases, however, have analyzed the malice requirement in terms of ex-

---

* Other theories supporting punitive damages include reimbursement for the plaintiff's noncompensable injuries and encouragement of private prosecution where there is no appropriate punitive device in the criminal law. See Freifield, The Rationale of Punitive Damages, 1 Ohio St. L.J. 5.

press or actual malice, *Mauk* v. *Brundage* (1903), 68 Ohio St. 89, and legal or implied malice, *Flandermeyer* v. *Cooper* (1912), 85 Ohio St. 327.

Actual malice is required for a question of punitive damages to be submitted to a jury. *Smithhisler* v. *Dutter* (1952), 157 Ohio St. 454, paragraph one of the syllabus; *Pickle* v. *Swinehart* (1960), 170 Ohio St. 441, paragraph two of the syllabus. Actual malice is " ' "that state of mind under which a person's conduct is characterized by hatred or ill will, a spirit of revenge, retaliation, or a determination to vent his feelings upon other persons." ' " *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178, 184. The court recognized, however, "that it is rarely possible to prove actual malice otherwise than by conduct and surrounding circumstances. One who has committed an act would scarcely admit that he was malicious about it, and so, necessarily, malice can be inferred from conduct." *Davis* v. *Tunison* (1959), 168 Ohio St. 471, 475.

As pointed out by the court in *Pickle* v. *Swinehart, supra,* paragraph one of the syllabus, "[t]he terms 'legal malice' and 'actual malice' are not synonymous." "Hatred, ill will or actual malice towards the injured party is not a necessary ingredient of legal malice as applied to torts, nor is it necessary that the act complained of proceed from a spiteful, malignant or revengeful disposition. If it be wrongful, unlawful and intentional and the natural and probable result of the act is to accomplish the injury complained of, malice is implied." *Flandermeyer* v. *Cooper, supra,* paragraph three of the syllabus.

Additionally, concepts of recklessness, wantonness, willfulness and grossness are inferred from the conduct and surrounding circumstances to support an award of punitive damages in tort actions. *Columbus Finance* v. *Howard, supra,* at page 184; *Rubeck* v. *Huffman* (1978), 54 Ohio St. 2d 20, 23. " * * * [T]he conduct of a party may be either 'wanton' or 'reckless' and still not have been actuated by malice or ill will. And in the concept in which 'wanton' is most frequently encountered—in the field of negligence * * * it is not necessary that there be ill will toward the person injured." *Rogers* v. *Barbera* (1960), 170 Ohio St. 241, 244-245.

Evidence of actual malice, therefore, must be present

before a jury question of punitive damages is raised; actual malice may take either the form of the defendant's express ill will, hatred or spirit of revenge, or the form of reckless, wilful or wanton behavior which can be inferred from surrounding circumstances. In either case, the defendant's actions must have been "intentional and deliberate, or * * * [have] the character of outrage frequently associated with crime." *Saberton* v. *Greenwald* (1946), 146 Ohio St. 414 (dissenting opinion of Judge Hart, at page 437, cited with approval in *Smithhisler* v. *Dutter, supra,* at page 461). This view was reiterated in *Bush* v. *Kelley's, Inc.* (1969), 18 Ohio St. 2d 89, 92, in which we stated that " ' * * * [m]alice in the legal sense signifies a wilful design to do another injury, and this regardless of the fact that such design was prompted by hatred or revenge, or by hope of gain. * * * ' "

An act of mere negligence does not, of itself, demonstrate the degree of intention and deliberation necessary to raise a question of punitive damages. *Jones* v. *Wittenberg Univ.* (C.A. 6, 1976), 534 F. 2d 1203; *Petrey* v. *Liuzzi* (1945), 76 Ohio App. 19. "Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that his conduct may be called wilful or wanton. Lacking this element, there is general agreement that mere negligence is not enough, even though it is so extreme in degree as to be characterized as 'gross,' an unhappy term of ill-defined content, which occasionally, in a few jurisdictions, has been stretched to include the element of conscious indifference to consequences, and so to justify punitive damages." Prosser on Torts (4 Ed.), at pages 9-10.

Appellant argues that a jury question of punitive damages is raised in a negligence action where such negligence is so gross as to show a reckless disregard of the rights of others, citing *Richards* v. *Office Products Co.* (1977), 55 Ohio App. 2d 143, and *Payne* v. *Daley* (1977), 51 Ohio Misc. 65. She contends, therefore, that evidence alone of intoxication constitutes such reckless disregard. While reckless disregard is recognized as a basis for punitive damages, see *Bush* v. *Kelley's,*

*Inc., supra,* at page 93, appellant overlooks the conceptual requirement of intention or deliberation implicit within the Ohio definition of malice. Evidence of such intention or deliberation was apparent in *Richards* v. *Office Products, supra,* wherein the record supported a finding by the trier of fact that "the defendant * * * was driving while intoxicated, went around a stopped car, ran a stop sign, caused a collision and then fled the scene." *Id.,* at page 145. As pointed out in *Baber* v. *Dennis* (1979), 66 Ohio App. 2d 1, 5, *Richards* v. *Office Products, supra,* was premised upon a "number of deliberate acts of negligence and not the factor of intoxication."

Likewise, the holding in *Payne* v. *Daley, supra,* was based upon two opinions involving torts of an intentional nature: *Gearhart* v. *Angeloff* (1969), 17 Ohio App. 2d 143 (gross negligence in discharging a revolver in a bar in plaintiff's direction, injuring him); and *Columbus Finance* v. *Howard, supra* (wrongful execution). Neither opinion, therefore, provides reasoning to support a question of punitive damages on evidence of intoxication alone.

The record in the case *sub judice* reveals no surrounding circumstances which demonstrate the requisite intention or deliberation sufficient to raise a jury question of malice. Moreover, appellant's argument that evidence of intoxication alone should raise such an issue begs the threshold question of causation. Punitive damages may be imposed only after establishing the defendant's intoxication was the cause of the accident. " * * * It would be possible for a drunken driver to commit a negligent act in such a manner as to not indicate intoxication. For example, a drunken driver could be well within the speed limit, drive a straight line and have a rear-end collision with a car stopped at an intersection. Rear-end collisions are very common and are mostly due to inattention, not intoxication. In such an instance, it is extremely unlikely one could get punitive damages, and it is arguable that one should not." Punitive Damages and the Drunken Driver, 8 Pepperdine L. Rev. 117, fn. 2, at 133-134.

Allowance of punitive damages simply because a defendant was intoxicated at the time of an accident, without establishing causation and without demonstrating intention or deliberation through, at the least, aggravating circumstances, virtual-

ly would impose strict liability for intoxication in negligence actions. This would not be in concert with our well-developed jurisprudence of punitive damages, and we see no persuasive reason for taking such a step.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. BROWN, Acting C. J., MILLIGAN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

MILLIGAN, J., of the Fifth Appellate District, sitting for CELEBREZZE, C. J.