**John WAGNER, Plaintiff,**

v.

**OHIO BELL TELEPHONE COMPANY, Defendant.**

No. C86–4722.

United States District Court, N.D. Ohio, E.D.

Nov. 3, 1987.

Donald C. Steiner, Canton, Ohio, for plaintiff.

Thomas A. Linton, Ohio Bell Telephone Co., Cleveland, Ohio, for defendant.

BATTISTI, Chief Judge.

Plaintiff, John Wagner, in his individual capacity and on behalf of a class pleaded pursuant to Fed.R.Civ.P. 23, seeks compensatory and punitive damages from Defendant, Ohio Bell Telephone Company. Plaintiff raises two claims upon which he premises his prayer for relief. First, Plaintiff alleges a willful breach of Defendant's fiduciary duty through the withholding of city income tax from Plaintiff's early-retirement plan payments. Second, Plaintiff avers that Defendant's withholding of taxes was action which effectuated an unlawful taking of property from Plaintiff in violation of 42 U.S.C. § 1983. Plaintiff is a citizen of the State of Florida and Defendant is a citizen of the State of Ohio.

The matter presented to this Court for determination is jurisdictional in nature. Defendant, after answering the complaint, moves to dismiss the cause of action for lack of subject matter jurisdiction. This court entertains this motion pursuant to Fed.R.Civ.P. 12(h)(3) which preserves the court's ability to dismiss a suit lacking subject matter jurisdiction, at any time, by motion or sua sponte.

Plaintiff's two claims are premised on separate jurisdictional basis and, accordingly, will be analyzed seriation in ruling on defendant's motion to dismiss.

The first claim is based on diversity jurisdiction. 28 U.S.C. § 1332. Proper subject matter jurisdiction under this federal statutory provision requires parties of completely diverse citizenship and an amount in controversy in excess of $10,000. The diversity of citizenship requirement has been satisfied; the question remaining surrounds the requisite jurisdictional amount.

Plaintiff bears the initial burden of pleading jurisdiction under Fed.R.Civ.P. 8(a) and has facially satisfied the requirements for this Court to properly entertain

the instant action. Defendant's motion to dismiss counters with a specific challenge to the jurisdictional amount, stating that the $10,000 threshhold, although pleaded, can not, in reality, be met.

In evaluating this motion to dismiss, Defendant bears the burden of establishing to a legal certainty that the claim is in actuality only for an amount less than $10,000. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). This is a hard burden to establish. Pleadings fair on their face are assumed to comply with statutory requirements unless merely colorable. *Bennett v. E.F. Hutton Co.*, 597 F.Supp. 1547, 1561 (N.D.Ohio 1984).

■ The specific issue on which this question turns is the applicability of punitive damages when aggregating the jurisdictional amount. The law is well established that compensatory and punitive damages may be summed when determining the value of the action, *Bell v. Preferred Life Soc'y*, 320 U.S. 238, 240, 64 S.Ct. 5, 6, 88 L.Ed. 15 (1943), unless recovery of punitive damages on the cause of action asserted in the complaint is barred by law. *Wood v. Stark Tri–County Building Trades Council*, 473 F.2d 272, 274 (6th Cir.1973).

To determine Plaintiff's ability to recover punitive damages, it is necessary to look to the law of the forum. Punitive damages are not favored under the law in Ohio, *Bennett*, 597 F.Supp. at 1561, but are not prohibited. The Sixth Circuit in *Moran v. Johns–Manville Sales Corp.*, 691 F.2d 811, 815 (6th Cir.1982), found punitive damages to be awardable in instances of conduct that rises to a standard of malice:

> Evidence of actual malice ... must be present before a jury question of punitive damages is raised; actual malice may take either the form of the defendant's express ill will, hatred or spirit of revenge, or the form of reckless, willful or wanton behavior which can be inferred from surrounding circumstances. *Detling v. Chockley*, 70 Ohio St.2d 134, 137–38, 436 N.E.2d 208, 210–11 (1982) (per curiam).

Defendant's argument regarding punitive damages drives specifically to whether it is possible for plaintiff to recover a sufficient exemplary award. The test is whether punitive damages are, to a legal certainty, less than $9,797.50 (the difference between $10,000 and plaintiff's admitted compensatory damage of $202.50).

Plaintiff has alleged behavior on the part of the Defendant which, if completely true, would satisfy this standard. In evaluating a motion to dismiss for want of jurisdiction, it is important to remember the construction most favorable to the non-moving party must be used.

The law of Ohio has rejected any limits or set ratios of compensatory to punitive damages. *Shimman v. Frank*, 625 F.2d 80, 102 (6th Cir.1980). Punitive damages are, by nature, a penalty for socially unacceptable conduct. They also are designed to serve as a deterance to repetition by a given defendant or those likely to act in a similar manner. *Detling v. Chockley*, 70 Ohio St.2d 134, 136, 436 N.E.2d 208 (1982). In light of this, it can not be said that an award of punitive damages in excess of $9,797.50 would be so excessive as to necessarily be activated by passion or prejudice on the part of the trier of fact. *See Shimman*, 625 F.2d at 101 n. 44.

Accordingly, the requisite elements of subject matter jurisdiction pursuant to 28 U.S.C. § 1332 are satisfied and Defendant's motion with respect to claim one is denied. Challenges to jurisdictional amount have been strictly tested over the years, for granting such motions close the courthouse door ab initio. Other dispositive motions which address the pleadings, or the merits of the case, place greater burden on the plaintiff to establish a basis for the cause of action to proceed.

■ Defendant's jurisdictional challenge to plaintiff's second claim attacks the existence of a violation prohibited by 42 U.S.C. § 1983. In substance, this is not a challenge to the Court's jurisdiction but to whether a cause of action upon which relief can be granted has been stated.

Defendant's arguments, that no § 1983 claim is presented when exclusively private action is undertaken or when the Plaintiff has failed to exhaust administrative remedies, have appeal. However, they do not present a problem to this court's subject matter jurisdiction. This court possesses the power to adjudicate matters arising under § 1983 by application of 28 U.S.C. § 1343 which specifically confers jurisdiction. Plaintiff's complaint, although perhaps lacking in substance on these claims, adequately establishes this court's right to entertain the litigation.

■ Procedure assures regularity in the exercise of judicial power. The raising of challenges to jurisdiction must be specifically treated as such. This court will not, sua sponte, transform a rule 12(b)(1) motion into a rule 12(b)(6) motion. Fed.R. Civ.P. 12(b), (h) enumerating a court's ability to make such transformation or to raise and resolve issues sua sponte. None of these provisions are herein applicable.

Defendant seeks to require plaintiff to prove aspects of his claim to establish jurisdiction. Such pleading with painstaking particularity would effect, in substance, a return to the forms of action. For half a century the federal courts have worked to open their doors to claims which, regular on their face, establish subject matter jurisdiction. The strict tests for dismissal based on lack of subject matter jurisdiction must continue to be construed on a plaintiff's behalf.

Defendant is not rendered helpless by this result. Defendant continues to hold the ability to challenge the substance of Plaintiff's pleadings, and the merits of his claim, by other motion. Such motion will provide both sides the opportunity to adequately brief the issues and thereby achieve a just result from the Court.

Accordingly, Defendant's Motion to Dismiss for Want of Subject Matter Jurisdiction is denied with respect to both claims.

IT IS SO ORDERED.