[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Huron County Court of Common Pleas which denied appellant Kevin LaRose's request for punitive damages.
On appeal, appellant sets forth the following assignment of error:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT COUNTER-CLAIMANT LAROSE IN FAILING TO AWARD PUNITIVE DAMAGES"
In August 1995, appellant purchased pizza making equipment from Anthony Best. At the time of the sale to appellant, Best was keeping the pizza equipment in a public storage unit. In September 1995, appellant began paying rent for the storage unit, and continued to keep the pizza equipment in that unit until he had finished remodeling his existing carry-out business to include the sale of pizza.
On February 21, 1996, appellee, Ben Fontana, filed a complaint against Best which asserted that Best was in default on a promissory note for $5,500 and therefore Fontana had a security interest in the pizza equipment. Appellant was not originally named as a defendant in that case. On the same day, Fontana sought and obtained an ex parte order from the Bellevue Municipal Court, enjoining Best from selling the pizza equipment and allowing Fontana to place his own lock on the storage unit where the pizza equipment was being kept. When Fontana placed his lock on the storage unit, he was informed that appellant, and not Best, was leasing the unit. On March 2, and March 3, 1996, respectively, Fontana's attorney and Fontana telephoned appellant, who told them that he had purchased the pizza equipment from Best in August 1995.
Almost two months later, on April 30, 1996, appellant filed a motion to intervene as a defendant in the case, and a motion to vacate the order allowing Fontana's lock to be placed on the storage unit. On May 21, 1996, the Municipal Court granted appellant's motion to intervene. On May 23, 1996, the court found that it did not have jurisdiction over appellant at the time the February 21, 1996 order was issued, and vacated the order. Fontana's lock was then removed from the storage unit. On June 13, 1996, appellant filed an answer to Fontana's complaint and a counter-claim, in which he asked for a declaration of the parties' ownership rights as to the pizza equipment, and demanded compensatory and punitive damages in excess of $50,000.
On July 29, 1996, the case was transferred to the Huron County Court of Common Pleas pursuant to Civ.R. 13. On May 20, 1997, after a non-jury trial, the trial court filed a judgment entry in which it found that appellant was the owner of the pizza equipment, and Fontana had "unlawfully attached" the pizza equipment and "unlawfully converted" the equipment and storage locker. Accordingly, the trial court ordered Fontana to pay appellant $1,581.05 in compensatory damages. However, the trial court denied appellant's claim for punitive damages, finding that Fontana "believed in good faith" that he had an ownership interest in the pizza equipment, and that, "[so] long as the Bellevue Municipal Court order remained in effect [Fontana] had the right to take action authorized by the Court order." On June 19, 1997, appellant filed a timely notice of appeal.
On appeal, appellant asserts that the trial court erred by "denying punitive damages for [Fontana's] egregious conduct." In support thereof, appellant argues that Fontana was not entitled to rely on the Municipal Court's judgment because it was "void," Fontana made no effort to find out who was leasing the storage unit before obtaining an ex parte order and placing his lock on it, and Fontana did not immediately remove the lock after receiving notice that appellant had already purchased the equipment from Best.
R.C. 2315.21(B) states that punitive damages are not recoverable by the plaintiff in a tort case unless both of the following apply:
 "(1) The actions or omissions of that defendant demonstrate malice, aggravated or egregious fraud, oppression, or insult, * * *
 "(2) The plaintiff in question has adduced proof of actual damages that resulted from actions or omissions as described in division (B)(1) of this section."
The purpose of awarding punitive damages is to punish "`"the guilty party for the wicked, corrupt, and malignant motive and design, which prompted him to the wrongful act."'" VillellaV. Waikem Motors, Inc. (1989), 45 Ohio St.3d 36, 37, quotingDetling v. Chockely (1982), 70 Ohio St.2d 134, 136. In order to demonstrate the type of malice which supports an award of punitive damages, a plaintiff must show that the defendant operated under:
 "`(1) that state of mind * * * which * * * is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.'" Villella, supra, quoting Davis v. Tunison (1959), 168 Ohio St. 471, 475. [Emphasis original.]
Actual malice may be inferred from conduct "which may be characterized as reckless, wanton, willful or gross." Id.
This court has reviewed the record which was before the trial court and, upon consideration thereof and the law, finds that appellant has not demonstrated sufficient evidence to support a finding of malice, fraud, oppression, or insult on the part of Fontana that would justify an award of punitive damages in this case. Accordingly, the trial court did not err by denying appellant's request for punitive damages, and appellant's assignment of error is not well-taken.
On consideration whereof, this court finds further that substantial justice has been done the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 ________________________________ Richard W. Knepper, J.
JUDGE
CONCUR.