MONGOLD, Exr., et al.

v.

ESTATE OF GILBERT et al.

Court of Common Pleas of Ohio,
Brown County.

No. CVC980279.

Decided Dec. 14, 2000.

*Young & Caldwell* and *John B. Caldwell,* for plaintiffs.

*Patrick Hornschemeier,* for defendants.

---

ROBERT P. RINGLAND, Judge.

### Factual Background

Currently before this court is the motion for partial summary judgment filed by the Estate of Curtis A. Gilbert, Thomas B. Gibson, Executor, et al. ("defendants") on October 25, 2000. June B. Mongold, Executor of the Estate of Anna F. Burbage et al. ("plaintiffs"), filed a memorandum contra to the motion for partial summary judgment on November 18, 2000. The defendants filed their reply memorandum on November 21, 2000. In their motion, defendants moved for summary judgment on the plaintiffs' request for punitive damages. Having considered the parties' positions, and the relevant law, this court grants the defendants' motion.

In viewing the facts in the light most favorable to plaintiffs, this court finds that this action arose from an automobile accident that occurred on March 29, 1997. While operating a motor vehicle, an allegedly intoxicated Curtis A. Gilbert collided with the plaintiffs' vehicle. This automobile accident caused the instantaneous deaths of defendant Curtis A. Gilbert and plaintiffs Anna F. Burbage and Lloyd King. On June 2, 1998, plaintiffs filed a complaint for wrongful death with this court. This complaint was subsequently amended to include a cause of action for loss of property and punitive damages.

### Standard of Review

The motion currently before the court is one for summary judgment. Pursuant to Civ.R. 56(A) and (B), either party to a lawsuit may file a motion for summary judgment. A party that moves for summary judgment "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. Once this burden is met, the nonmoving party may not rest on mere assertions, but instead must produce evidence showing a genuine issue of fact on any issue for which that party bears the burden of production at trial. *Wing v.*

*Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. In determining whether there is a question of fact precluding summary judgment, the court must view the record and draw all inferences in the light most favorable to the nonmoving party. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 341, 617 N.E.2d 1123, 1127.

## Legal Analysis

■ In their motion for partial summary judgment, defendants argue that it is not appropriate to assess punitive damages against the estate of an alleged tortfeasor who is now deceased. Defendants state that to assess punitive damages against the estate of Curtis A. Gilbert would be to punish his heirs, parties who are innocent of the alleged wrongful conduct. In opposition, plaintiffs note that Ohio recognizes two purposes for awarding punitive damages: to punish the tortfeasor and to make the tortfeasor a public example to warn others not to act in a similar fashion. Although defendant Curtis A. Gilbert may no longer be punished by this court, the plaintiffs argue for the award of punitive damages to warn the public that these types of actions will not be tolerated. Therefore, the issue before this court is whether punitive damages may be awarded against a deceased tortfeasor's estate.

■ In Ohio, the policy for awarding punitive damages " 'has been recognized * * * as that of punishing the offending party and setting him up as an example to others that they might be deterred from similar conduct.' " *Preston v. Murty* (1987), 32 Ohio St.3d 334, 335, 512 N.E.2d 1174, 1176, quoting *Detling v. Chockley* (1982), 70 Ohio St.2d 134, 136, 24 O.O.3d 239, 240, 436 N.E.2d 208, 209. See, also, R.C. 2315.21. Punitive damages may be imposed for personal injury or property loss caused by " ' "intentional, reckless, wanton, willful and gross acts" ' " or by malice " 'inferred from conduct and surrounding circumstances.' " *Rubeck v. Huffman* (1978), 54 Ohio St.2d 20, 23, 8 O.O.3d 11, 13, 374 N.E.2d 411, 413, quoting from *Columbus Finance, Inc. v. Howard* (1975), 42 Ohio St.2d 178, 184, 71 O.O.2d 174, 177, 327 N.E.2d 654, 658. Punitive damages are not awarded as additional compensation but to punish and deter conduct. *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 651, 635 N.E.2d 331, 343, citing *Preston, supra,* 32 Ohio St.3d at 335, 512 N.E.2d at 1176; *Calmes v. Goodyear Tire & Rubber Co.* (1991), 61 Ohio St.3d 470, 473, 575 N.E.2d 416, 419.

R.C. 2305.21 provides:

"In addition to the causes of action which survive at common law, causes of mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto."

While this statute explicitly provides that the plaintiff's cause of action survives against the defendant, it is silent as to the measure of damages available.

Although this issue, whether the recovery of punitive damages is permitted against a deceased tortfeasor's estate, is an issue of first impression in Ohio, it has been addressed by the courts and legislatures of thirty-four jurisdictions. See *G.J.D. v. Johnson* (1998), 552 Pa. 169, 172, 713 A.2d 1127, 1129.

The majority of jurisdictions deny punitive damages.[1] These courts reason that punitive damages are intended to punish the wrongdoer and to deter him and others like him from similar wrongdoing in the future. *Doe v. Colligan* (Alaska 1988), 753 P.2d 144, 145; *Lohr v. Byrd* (Fla.1988), 522 So.2d 845, 847; *Thompson v. Estate of Petroff* (Minn.1982), 319 N.W.2d 400, at paragraph two of the syllabus; *Allen v. Anderson* (1977), 93 Nev. 204, 562 P.2d 487; *Jonathan Woodner Co. v. Breeden* (D.C.1995), 665 A.2d 929, 939. These courts also recognize that punitive damages are not awarded as additional compensation to the injured party but as punishment. *Dalton v. Johnson* (1963), 204 Va. 102, 107, 129 S.E.2d 647, 650–651; *Lohr*, 522 So.2d at 847; *State Farm Mut. Auto. Ins. Co. v. Maidment* (App.1988), 107 N.M. 568, 571, 761 P.2d 446, 449. Many of these courts reject the imposition of punitive damages to prevent punishing the innocent heirs or creditors of a decedent's estate. *Doe*, 753 P.2d at 146, fn. 8; *Lohr*, 522 So.2d at 847; *Jonathan Woodner Co.*, 665 A.2d at 939. Courts have also refused to separate the "punishment" purpose from the "deterrence" purpose of punitive damages. These courts conclude that the deterrent effect of punitive damages on others is inextricably tied to the punishment of the tortfeasor. *Parker v. Artery* (Wyo.1995), 889 P.2d 520, 525; *State Farm Mut. Auto. Ins. Co.*, 107 N.M. at 571, 761 P.2d at 449. When that punishment is diffused and unjustly inflicted upon the innocent, the deterrent effect is frustrated and speculative at best. *Lohr*, 522 So.2d at 846; *Fehrenbacher v. Quackenbush* (D.Kan.1991), 759 F.Supp. 1516, 1521; *State Farm Mut. Auto. Ins. Co.*, 107 N.M. at 571, 761 P.2d at 449.

A minority of jurisdictions permit recovery of punitive damages.[2] These courts generally focus on the deterrent, or exemplary, nature of punitive damages.

---

1. "For the proposition that punitive damages may not be recovered from the estate of a deceased tortfeasor the following case law is representative of the jurisdictions that so hold: *Doe v. Colligan* [Alaska 1988], 753 P.2d 144; *Braun v. Moreno* [1970], 11 Ariz.App. 509, 466 P.2d 60; *[Jonathan] Woodner [Co.] v. Breeden* [D.C.1995], 665 A.2d 929; *Lohr v. Byrd* [Fla.1988], 522 So.2d 845; *Rowen v. LeMars Mut. Ins. Co.* [Iowa 1979], 282 N.W.2d 639; * * * *Johnson v. Levy* [1908], 122 La. 118, 47 So. 422; *Thompson v. Estate of Petroff* [Minn.1982], 319 N.W.2d 400; * * * *State Farm Mut. Auto. Ins. Co. v. Maidment* [App.1988], 107 N.M. 568, 761 P.2d 446; *McAdams v. Blue* [1968], 3 N.C.App. 169, 164 S.E.2d 490; *Morriss v. Barton* [1947], 200 Okla. 4, 190 P.2d 451; *Hayes v. Gill* [1965], 216 Tenn. 39, 390 S.W.2d 213; *[Dalton v. Johnson* (1963), 204 Va. 102, 129 S.E.2d 647;]* *Parker v. Artery* [Wyo.1995], 889 P.2d 520." *G.J.D. v. Johnson*, 552 Pa. at 172, 713 A.2d at 1129, at fn. 4.

2. For the proposition that punitive damages may be recovered from the estate of a deceased tortfeasor, the following case law is representative of the jurisdictions that so hold: *Perry v.*

*Hofer v. Lavender* (Tex.1984), 679 S.W.2d 470, 472–475; *G.J.D. v. Johnson*, 552 Pa. at 176, 713 A.2d at 1131; *Perry v. Melton* (1982), 171 W.Va. 397, 401–402, 299 S.E.2d 8, 12–13. They conclude that while the defendant will not be punished or deterred, the imposition of punitive damages upon his estate may serve to deter others from engaging in like conduct. *G.J.D. v. Johnson*, 552 Pa. at 176, 713 A.2d at 1131; *Tillett v. Lippert* (1996), 275 Mont. 1, 8, 909 P.2d 1158, 1162; *Penberthy v. Price* (1996), 281 Ill.App.3d 16, 21–22, 216 Ill.Dec. 902, 906–907, 666 N.E.2d 352, 356–357. Recent decisions in this area have attempted to bolster these arguments with public policy interests. In *Penberthy,* the court relied on the strong public policy against mixing alcohol and automobiles to justify the deterrent argument. 281 Ill.App.3d at 22, 216 Ill.Dec. at 907, 666 N.E.2d at 357. Similarly, in *G.J.D.,* the court cited the right of privacy to justify punitive damages as a deterrent. 552 Pa. at 175, 713 A.2d at 1131. Some of these courts also note that punitive damages provide additional compensation to victims for remote losses, inconvenience, and attorney fees. *Hofer,* 679 S.W.2d at 474; *Perry,* 171 W.Va. at 401, 299 S.E.2d at 12.

In Ohio, punitive damages are awarded to punish the offending party and set him up as an example to others that they might be deterred from similar conduct. See *Preston,* 32 Ohio St.3d at 335, 512 N.E.2d at 1176. Agreeing with the majority, this court finds that the purpose of punishment cannot be separated from the purpose of deterrence. Through death, the tortfeasor is no longer subject to legal punishment. Without the punishment of the tortfeasor, the purpose of using the tortfeasor as an example to others to deter their behavior is greatly diminished, if not completely frustrated. Effective deterrence cannot be achieved when punishment is impossible. For this reason, the deterrent function of punitive damages is insufficient to support an award when the tortfeasor dies before trial. *Hofer v. Lavender,* 679 S.W.2d at 478 (Spears, J., dissenting). Accordingly, this court chooses to follow the majority of jurisdictions in this country and holds that a decedent's innocent heirs and creditors should not be punished when the wrongdoer is unavailable because of death.

Therefore, this court further finds that no genuine issue of material fact exists as to plaintiffs' request for punitive damages. Defendants' motion for partial summary judgment as to the issue of punitive damages is hereby granted.

*Motion granted.*

---

*Melton* (1982), 171 W.Va. 397, 299 S.E.2d 8; *Hofer v. Lavender* (Tex.1984), 679 S.W.2d 470; *Tillett v. Lippert* (1996), 275 Mont. 1, 909 P.2d 1158; *Penberthy v. Price* (1996), 281 Ill.App.3d 16, 216 Ill.Dec. 902, 666 N.E.2d 352; *G.J.D. v. Johnson* (1998), 552 Pa. 169, 713 A.2d 1127.

Robert P. Ringland, J., of the Clermont County Court of Common Pleas, sitting by assignment.