DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that granted appellants' motion for a permanent injunction and denied their request for attorney fees and punitive damages. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellants set forth the following as their sole assignment of error:
 {¶ 3} "The trial court ruling that there was no credible evidence to establish malice and the refusal to award punitive damages and attorney fees as a result thereof is against the manifest weight of the evidence."
 {¶ 4} The facts that are relevant to the issues raised on appeal are as follows. Appellants, Mary Watt, Mr. and Mrs. George Meyer, and Mr. and Mrs. J.W. Frey, each own residential property along a portion of Avery Drive, a private road in the city of Bowling Green. Avery Drive, which runs north-south, was constructed in 1960 as a means of access to Gypsy Lane Road and Sand Ridge Road, which run east-west, for the property owners. The record title of each appellants' property contains the following easement:
 {¶ 5} "Together with the right of ingress and egress for all purposes for the benefit of the grantees herein, their heirs and assigns over and across Avery Drive running from Gypsy Lane Road to Sand Ridge Road as shown on survey recorded in Volume 11, Page 89, Wood County, Ohio, Plat Records."
 {¶ 6} Appellants' properties are situated on both the east and west sides of Avery Drive, between Sand Ridge Road and Gypsy Lane Road. The Meyers own a home on the corner of Gypsy Lane Road and Avery Drive; their driveway enters from Gypsy Lane Road. They also own the lot behind their house and built a tool shed on that land; access to the tool shed is from Avery Drive. Dr. Watt's driveway leads directly to Avery Drive, as does the Freys' driveway.
 {¶ 7} Repair and maintenance of Avery Drive was addressed occasionally over the years by the original owners of the road. For the past several decades, appellants have kept their portion of Avery Drive, a 400-foot-long segment, open and in adequate repair, often plowing it in the winter.
 {¶ 8} In 1998, appellee acquired Avery Drive along with undeveloped property abutting both sides of Avery to the north of appellants' lots. When appellee began developing the land on either side of Avery Drive, the road was used extensively by construction vehicles. Appellee permitted the paving company to use Avery Drive as a driveway, for parking highway construction vehicles, and as a temporary storage facility for stone and other debris while Gypsy Lane Road underwent improvements.
 {¶ 9} In late spring or early summer 2001, appellee constructed a barricade on the southern segment of Avery Drive between Gypsy Lane Road and Sand Ridge Road. The barricade was just south of Watts' driveway and forced Watts to use other means of access to Gypsy Lane Road. The barricade also blocked the Freys and Myers from proceeding north along Avery to Sand Ridge Road. Eventually, appellee dug up approximately 200 feet of Avery Drive between the barricade and the northern edge of the Frey's property and installed grass where the road had been.
 {¶ 10} On August 22, 2001, appellants filed a motion for a preliminary and permanent injunction. They also sought an order requiring appellee to restore the roadway to its original condition.
 {¶ 11} On October 18, 2001, appellants filed a motion for a preliminary injunction requesting that appellee be ordered to immediately open Avery Drive. The matter was set for hearing, but prior to the hearing date the parties negotiated a consent entry that required appellee to refrain from interfering with appellants' easement, re-open the road, reestablish an adequate road base, and address and maintain such during the pendency of the case. These conditions were formalized in a judgment entry filed October 29, 2001.
 {¶ 12} On February 11, 2002, appellants filed a motion to show cause why appellee should not be held in contempt for failure to comply with the restoration and maintenance provision of the preliminary injunction. After a hearing held on April 17, 2002, the trial court determined that the evidence was insufficient to find appellee in contempt on the restoration issue but that appellee had not maintained the roadway in a condition safe for vehicular travel. In an order filed May 13, 2002, appellee was ordered to do so.
 {¶ 13} The matter came to trial on the merits of the complaint on June 11, 2002. In its judgment entry filed July 16, 2002, the trial court permanently enjoined appellee from interfering with or obstructing appellants' easement; ordered appellee to maintain the southerly portion of Avery Drive to a uniform width of 20 feet for the duration of his current construction project plus five years; ordered appellee to provide proper drainage along the same length of road and correct any current conditions that were contributing to flooding on the roadway; and awarded three dollars compensatory damages as appellants had requested. The trial court denied appellants' request for punitive damages and attorney fees.
 {¶ 14} As to the issue of punitive damages, the trial court found that, while the record showed that appellee did intend to establish a barricade and for it to be permanent, there was no credible evidence that appellee acted with malicious intent. The trial court stated that "at worst, [appellee] was unilateral in his actions[,]" and that while he at times became angry when confronted by appellants, it did not appear that appellants were materially inconvenienced or damaged by his actions. The trial court further noted that there was no evidence that appellee benefitted from construction of the barricade across Avery Drive, which was eventually removed, and that appellants ultimately will enjoy the benefits of water and sanitary sewer lines which appellee installed at his cost. The trial court concluded that for those reasons it could not award punitive damages or attorney fees. Appellants appeal only the denial of attorney fees and punitive damages.
 {¶ 15} In their sole assignment of error, appellants assert that they are entitled to punitive damages and attorney fees because appellee acted deliberately and with intent to cause damage to their property. Appellants argue that the record shows that appellee: had actual knowledge of the easements and the scope thereof; knew that they opposed his planned interference; blatantly violated their easement rights; acknowledged his intent to permanently close part of Avery Drive; threatened retaliation if appellants did not withdraw their opposition to his actions; refused to take any corrective action until ordered to do so by the trial court; and practiced evasion and distortion to avoid a finding of intentional conduct. Appellants further assert that the trial court "lost its way" when it found that there was no credible evidence to support their claim of malice.
 {¶ 16} In order for punitive damages to be available, two conditions must be met. First, there must be an award of compensatory damages. Rubeck v. Huffman (1978), 54 Ohio St.2d 20. This requirement has been met in the case before us and is not disputed. Second, the plaintiffs must show that the defendant acted with actual malice. Bowesv. Cincinnati River Front Coliseum (1983), 12 Ohio App.3d 12.
 {¶ 17} The Supreme Court of Ohio in Preston v. Murty (1987),32 Ohio St.3d 334, 336, held that actual malice, necessary for an award of punitive damages, is "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm."
 {¶ 18} The reason behind awarding punitive damages in Ohio "*** has been recognized *** as that of punishing the offending party and setting him up as an example to others that they might be deterred from similar conduct." Detling v. Chockley (1982), 70 Ohio St.2d 134 at 136. Since punitive damages are assessed for punishment and not compensation, a positive element of conscious wrongdoing is always required. This element has been termed conscious, deliberate or intentional. It requires the party to possess knowledge of the harm that might be caused by his behavior. Preston, supra.
 {¶ 19} A second element inherent in the award of punitive damages is that something more than mere negligence is always required.Leichtamer v. American Motors Corp. (1981), 67 Ohio St.2d 456, 472;Detling v. Chockley, supra, at 138. This concept is reflected in the use of such terms as "outrageous," "flagrant," and "criminal," and requires a finding that the probability of harm occurring is great and that the harm will be substantial. A possibility or even probability is not enough, as that requirement would place the act in the realm of negligence. ThePreston court noted that a requirement of substantial harm would better reflect the element of outrage required to find actual malice.
 {¶ 20} This court has thoroughly reviewed the record of proceedings in the trial court, including the transcript of the trial, and based thereon we are unable to find that appellee acted with actual malice. As the trial court noted, appellants' easement rights were invaded by appellee over a period of time. The evidence showed, however, that appellee not only restored Avery Drive to its original accessible state but improved the roadway, widened it, made changes to improve drainage in the immediate area and hooked appellants up to the city water and sewer system. Testimony also showed that appellee repaired any damage to appellants' private yards and other property caused by the ongoing construction and heavy equipment in the vicinity. Further, the fact that appellants asked for only three dollars in compensatory damages indicates that appellants did not believe appellee caused any "substantial harm" to their property. As to attorney fees, Ohio courts have held that if punitive damages are proper, the aggrieved party may also recover reasonable attorney fees. See Zoppo v. Homestead Ins. Co. (1994),71 Ohio St.3d 552, 558. We find that in this case, where punitive damages were not awarded, the trial court's decision not to award attorney fees was not error.
 {¶ 21} Based on the foregoing, this court finds that the trial court did not err by failing to award punitive damages or attorney fees in this case and, accordingly, appellants' sole assignment of error is found not well-taken.
 {¶ 22} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Costs assessed to appellants.
 JUDGMENT AFFIRMED.