EDMONDSON, Appellant,

v.

STEELMAN, Appellee.

[Cite as *Edmondson v. Steelman* (1992), 87 Ohio App.3d 455.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–01–011.

Decided Nov. 30, 1992.

456

*Kennedy & Zugelter* and *David S. McCune,* for appellant.

*Barry A. Meyer,* for appellee.

Walsh, Judge.

Plaintiff-appellant, Jamie Edmondson, appeals a decision of the Clermont County Court of Common Pleas denying a motion for leave to amend a first amended complaint.

The instant action arose out of an automobile collision between appellant and defendant-appellee, Mark E. Steelman, that occurred on September 5, 1988. As a result of the collision, appellant suffered facial injuries and lost five teeth.

Appellant filed a complaint against appellee on June 22, 1990 that alleged that appellee, while under the influence of alcohol, negligently drove left of center and struck appellant's vehicle. Damages sought included lost wages and medical expenses. On July 9, 1991, appellant filed a first amended complaint that deleted his original lost-wages claim. Appellee filed answers to the complaint and first amended complaint on July 17, 1990 and July 12, 1991, respectively.

On July 26, 1991, appellant filed a motion for leave to amend the first amended complaint to include a prayer for punitive damages. The court conducted a hearing on the matter and, in an entry dated November 1, 1991, denied the motion. The case thereafter proceeded to trial, where appellee stipulated that his negligence caused the collision. The jury subsequently awarded appellant compensatory damages in the amount of $11,000. This appeal followed.

Appellant's sole assignment of error contends that the trial court erred in overruling his motion to file a second amended complaint that included a punitive damages claim.

■ Amendment of pleadings is governed by Civ.R. 15(A), which states in pertinent part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *"

The language of Civ.R. 15(A) favors a liberal policy when a trial court is confronted with a motion to amend a pleading beyond the time limit when such amendments are automatically allowed. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 121–122, 573 N.E.2d 622, 623–625.

■ The decision whether to allow a party leave to amend a complaint lies exclusively within the discretion of the trial court and the ruling will not be disturbed on appeal by a reviewing court absent an affirmative showing of an abuse of discretion. *Natl. Bank of Fulton Cty. v. Haupricht Bros.* (1988), 55 Ohio App.3d 249, 251, 564 N.E.2d 101, 107; *Mead Corp. v. Lane* (1988), 54 Ohio App.3d 59, 67, 560 N.E.2d 1319, 1327. An "abuse of discretion" connotes more

than an error of law or judgment on the part of the court; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252.

Because seeking leave to amend a pleading is required to be made in good faith, it has been held that there must be at least a prima facie showing that the movant can marshal support for the new matters sought to be pleaded, and that the amendment is not simply a delaying tactic or one which would cause prejudice to the defendant. *Wilmington Steel Products, Inc., supra*, 60 Ohio St.3d at 122, 573 N.E.2d at 624. *Solowitch v. Bennett* (1982), 8 Ohio App.3d 115, 117, 8 OBR 169, 171, 456 N.E.2d 562, 564. Where the movant fails to present operative facts in support of the new allegations, a court does not abuse its discretion in denying a motion to amend. *Id.*

Appellant sought to amend the first amended complaint in order to interject a punitive damages claim in his negligence action against appellee. In light of the aforesaid, the dispositive issue before this court is whether appellant presented sufficient evidence to support his allegation that appellee's conduct amounted to malice and justified the additional claim.

The record shows that appellee left the Sawmill Bar, a liquor establishment, at approximately 1:30 a.m. on September 5, 1988 after he had consumed four or five Long Island Iced Teas, an alcoholic beverage consisting of vodka, gin, light rum and tequila. He then drove to a money machine station in order to withdraw cash to pay for a car wash. Upon leaving the station, appellee traveled east on a two-lane road on his way to the car wash. Moments later, appellee dropped a lighted cigarette, leaned over to pick it up, and crossed the center line of the road for a distance of approximately three hundred feet, at which point he crashed his vehicle into appellant's vehicle, which was traveling in the westbound lane. Appellee was thereafter arrested for driving under the influence and later submitted to a breathalyzer test that registered a concentration of .233 hundredths of one gram by weight of alcohol per two hundred ten liters of his breath, a result that exceeds the amount allowed by law.

Punitive damages are available in civil tort actions in Ohio upon a finding of actual malice. Since "[o]ne who has committed an act would scarcely admit that he was malicious about it," malice can necessarily be inferred from conduct and surrounding circumstances. *Columbus Finance, Inc. v. Howard* (1975), 42 Ohio St.2d 178, 184, 71 O.O.2d 174, 177, 327 N.E.2d 654, 658; *David v. Tunison* (1959), 168 Ohio St. 471, 475, 7 O.O.2d 296, 298, 155 N.E.2d 904, 907.

For purposes of a punitive damages award, the Ohio Supreme Court has determined that there are two general categories by which malice may be shown. *Digital & Analog Design v. N. Supply Co.* (1989), 44 Ohio St.3d 36, 44, 540 N.E.2d 1358, 1365. As announced in *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus, actual malice can be shown by demonstrating either "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm."

In the case at bar, appellant relies on the second category cited in *Preston* to argue that his allegation that appellee acted with malice is supported by the evidence. He specifically argues that appellee's decision to consume an amount of alcohol sufficient to become legally intoxicated prior to operating a motor vehicle evidenced a conscious disregard for appellant's safety that had a great probability of causing substantial harm.

The Ohio Supreme Court has had the opportunity to elaborate on the degree of proof necessary to demonstrate conscious disregard for the rights and safety of others in two cases decided subsequent to *Preston*. First, in *Calmes v. Goodyear Tire & Rubber Co.* (1991), 61 Ohio St.3d 470, 473, 575 N.E.2d 416, 419, the court observed:

"In *Preston* we arrived at the second standard for an award of punitive damages after a thoughtful review of the circumstances for which, and standards under which, punitive damages have been awarded in the past. Specifically, we held there, and hold here, that punitive damages are intended to punish and deter conduct resulting from a mental state so callous in its disregard for the rights and safety of others that society deems it intolerable. This mental state is the component of the standard contained in the phrase 'conscious disregard for the rights and safety of other persons * * *.' *Id.* [32 Ohio St.3d] at 335, 512 N.E.2d at 1176.

"In addition to defining the requisite mental state, *Preston* also held that misconduct greater than mere negligence is required. This component is expressed in the language 'great probability of causing substantial harm,' which replaced language from earlier cases such as 'outrageous,' 'flagrant,' and 'criminal.' *Id.* at 335–336, 512 N.E.2d at 1176."

The court discussed this standard again in *Motorists Mut. Ins. Co. v. Said* (1992), 63 Ohio St.3d 690, 698, 590 N.E.2d 1228, 1234, wherein it wrote:

"*Preston* observed that actual malice requires consciousness of the near certainty (or otherwise stated 'great probability') that substantial harm will be

caused by the tortious behavior. Any less callous mental state is insufficient to incur that level of societal outrage necessary to justify an award of punitive damages. Therefore, it is evident that a reckless actor, who only has knowledge of the mere possibility that his or her actions may result in substantial harm, is not behaving maliciously."

■ Applying the principles of law enunciated in *Preston* and its progeny to the facts of the instant action, we find no cases which support the proposition that appellee's actions were the product of a mental state that would justify a punitive damage award. Concededly, appellee was intoxicated at the time his vehicle collided with the vehicle driven by appellant. However, the circumstance of intoxication is not sufficient, in and of itself, to demonstrate the behavior necessary to support a question of punitive damages in a negligence action. See *Detling v. Chockley* (1982), 70 Ohio St.2d 134, 138–139, 24 O.O.3d 239, 241–243, 436 N.E.2d 208, 211–212; *Baber v. Dennis* (1979), 66 Ohio App.2d 1, 6, 20 O.O.3d 28, 31, 419 N.E.2d 16, 20. In other words, " '[s]omething more than the mere commission of a tort is always required for punitive damages.' " *Detling, supra,* 70 Ohio St.2d at 138, 24 O.O.3d at 241, 436 N.E.2d at 211, citing Prosser, Law of Torts (4 Ed.1971) 9–10. In the instant action, neither appellee's conduct nor surrounding circumstances suggest appellee consciously disregarded a near certainty that substantial harm would be caused by his tortious behavior of driving while under the influence. Cf. *Richards v. Office Products Co.* (1977), 55 Ohio App.2d 143, 9 O.O.3d 293, 380 N.E.2d 725 (evidence that defendant was driving while intoxicated, went around a stopped car, ran a stop sign, caused the collision and fled the scene was sufficient to submit issue of punitive damages to jury).

This court's decision should not be construed as granting a stamp of approval to appellee's behavior of operating a motor vehicle while intoxicated and subsequently striking another vehicle. Rather, our ruling today is premised on the notion that "[a]llowance of punitive damages simply because a defendant was intoxicated at the time of an accident, * * * *without demonstrating intention or deliberation through, at the least, aggravating circumstances,* virtually would impose strict liability for intoxication in negligence actions. This would not be in concert with our well-developed jurisprudence of punitive damages, and we see no persuasive reason for taking such a step." (Emphasis added.) *Detling, supra,* 70 Ohio St.2d at 139–140, 24 O.O.3d at 242–243, 436 N.E.2d at 211–212.

On the basis of the aforementioned, it is our belief appellant failed to make a prima facie showing that he could present sufficient evidence to support a claim for punitive damages. The trial court therefore did not abuse its discretion in denying appellant's motion for leave to amend his first amended complaint to

include such a claim. Appellant's sole assignment of error is hereby overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JONES, P.J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

An award of punitive damages against a tortfeasor is allowable in this state to date, even though there is great pressure upon the legislature and judiciary to limit or deny such recovery.

Under rule and case law, leave to file an amended complaint should be freely given in the interest of justice and is within the sound discretion of the court. It is also incumbent upon the party seeking to amend to establish operative facts which support the claim sought to be pleaded. In this I agree with the majority.

In this cause, appellant presented facts from which the trier of fact could find that appellee's mental state was one of conscious disregard for the rights and safety of other persons and therefore constituted actual malice. It appears that the same circumstances which are *not* sufficient to allow the award of punitive damages in a civil matter are sufficient to establish beyond a reasonable doubt the culpable mental state necessary to convict in the prosecution of a traffic charge. An operator of a motor vehicle may be incarcerated for his driving violation, but the injured party may not recover punitive damages as a result of the same acts.

I believe the trial court had sufficient operative facts presented to allow the amendment of the complaint and the denial of leave to file was an abuse of discretion, and therefore I dissent.