OPINION OF THE COURT
Helen E. Freedman, J.
Defendant Viad Corporation (Viad) moves for an order dismissing the complaint in this and 97 other personal injury actions, on the ground that plaintiffs’ claims are preempted by the Federal Locomotive Boiler Inspection Act (49 USC §§ 20701- *604 20903 [the BIA]). For'the reasons set forth below, the motion is granted.
In this action, plaintiff Joseph Seaman, a former railroad worker, alleges he contracted asbestos-related disease from inhaling dust from locomotive components while maintaining and repairing locomotives in railroad repair shops. Plaintiffs in the 97 other actions are also railroad workers alleging injury from asbestos in locomotive components. Plaintiffs sued under State common-law tort principles, including negligence, failure to warn and strict products liability.
Viad is the successor in interest to a now-defunct steam and diesel locomotive manufacturer, Baldwin-Lima-Hamilton. Movant contends that all claims against it should be dismissed, because, under the doctrine of Federal preemption, the BIA occupies the entire field of locomotive regulation and preempts all State laws affecting locomotive design, construction and material. The BIA, movant argues, bars State tort claims as well as legislation, and applies to locomotive manufacturers like Viad as well as to railroads. Vifid cites numerous cases from other jurisdictions in support.
In opposition, plaintiffs contend that the BIA “does not occupy the entire field of locomotive equipment.” As support for this contention, plaintiffs rely on a California case, Viad Corp. v Superior Ct. (55 Cal App 4th 330, 64 Cal Rptr 2d 136 [Ct App, 2d Dist, Div 4 1997]). Plaintiffs further claim that there is no conflict between their personal injury claims and any Federal regulations, and that the BIA only applies to operating locomotives in use and not nonoperational locomotives being repaired or maintained.
The BIA provides, in relevant part, as follows:
“A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances—
“(1) are in proper condition and safe to operate without unnecessary danger of personal injury.” (49 USC § 20701.)
In the seminal case of Napier v Atlantic Coast Line R. R. Co. (272 US 605 [1926]), the Supreme Court held that Congress, through the BIA, intended the Federal Government to occupy the field of locomotive safety. (Supra, 272 US, at 613.) Addressing the breadth of the Federal Government’s authority under the BIA, the Supreme Court found it extended “to the design, the construction and the material of every part of the locomotive and tender and of all appurtenances.” (Supra, 272 US, at 611.)
*605 The field preemption of the BIA applies not only to State legislative regulation, but also to State tort claims. (See, Oglesby v Delaware & Hudson Ry. Co., 180 F3d 458, 462 [2d Cir], cert denied sub nom. Oglesby v General Motors Corp., — US —, 120 S Ct 498 [1999] [holding that the BIA barred a “failure to warn” claim brought by railroad employee injured while trying to adjust a locomotive’s cab seat]; Springston v Consolidated Rail Corp., 130 F3d 241, 244-245 [6th Cir 1997], cert denied 523 US 1094 [1998] [BIA barred negligence claim for failure to install safety devices beyond those required by Federal law]; Law v General Motors Corp., 114 F3d 908 [9th Cir 1997] [BIA barred State products liability claim for defective brakes and engines].) Instead of tort claims, injured railroad workers must bring claims under the Federal Employers’ Liability Act (45 USC § 51 et seq. [FELA]; see, Wabash R. R. Co. v Hayes, 234 US 86 [1914]). The BIA applies to locomotive and locomotive component manufacturers as well as railroad carriers. (See, Oglesby v Delaware & Hudson Ry. Co., 180 F3d, at 462 [holding BIA barred tort claim against locomotive cab seat manufacturer]; Law v General Motors Corp., 114 F3d, at 911-912 [locomotive brakes and engine manufacturer].)
Two California appellate courts have addressed the same issue of law raised in this motion: whether the BIA preempts State tort actions against manufacturers by railroad employees injured from exposure to asbestos-containing locomotive components. In Scheiding v General Motors Corp. (77 Cal Rptr 2d 339 [Ct App, 1st Dist, Div 2], review granted 79 Cal Rptr 2d 408, 966 P2d 442 [1998]),* the Court of Appeal, First District, Division 2, affirmed the trial court’s dismissal of all of plaintiffs’ asbestos tort actions. Relying on Napier (supra) and its progeny, the court in Scheiding found that “the BIA occupies the field of locomotive equipment design, manufacture and materials, preempting all state law claims within that field.” (77 Cal Rptr 2d, at 340.)
The court in Scheiding (supra) explicitly rejected the prior holding of the Court of Appeal, Second District, Division 4, in Viad (supra), which reached the opposite conclusion and permitted asbestos tort actions to proceed. (Scheiding v General Motors Corp., 77 Cal Rptr 2d, at 345-352.) The court in Viad held that the BIA did not preempt California tort claims *606 against Viad, because Napier (supra) no longer controlled on the BIA preemption issue, as a result of two subsequent Supreme Court cases which held that, in certain circumstances, State tort actions were not preempted by Federal statutes: Medtronic, Inc. v Lohr (518 US 470 [1996]) and Silkwood v Kerr-McGee Corp. (464 US 238 [1984]). (Viad Corp. v Superior Ct., 55 Cal App 4th, at 335-340, 64 Cal Rptr 2d, at 139-142.)
Understandably, plaintiffs emphasize the Viad decision (supra) in opposing this motion. This court declines to follow Viad, however. As movant points out, with the exception of the Viad court, every Federal and State appellate court that has considered the issue has found that the BIA entirely preempts the field of locomotive safety and bars State tort claims. Although apparently this is an issue of first impression for the New York State courts, the Circuit Court of Appeals in our local circuit has already held in Oglesby (supra) that Napier (supra) still controls (Medtronic, Inc. v Lohr and Silkwood v Kerr-McGee Corp., supra, notwithstanding), that the BIA preempts the field of locomotive safety and that New York tort claims are barred. Moreover, other California appellate courts have subsequently rejected the Viad court’s reasoning. (See, Scheiding v General Motors Corp., 77 Cal Rptr 2d, supra, at 345-352; Monarch v Southern Pac. Transp. Co., 70 Cal App 4th 1197, 83 Cal Rptr 2d 247, 253-255 [Ct App, 2d Dist, Div 1 1999] [holding FELA preempted a railroad employee’s claim against a railroad that defendant’s fraudulent concealment led to plaintiffs hearing loss].)
Viad (supra) did not reach the Supreme Court of California, but in the subsequent case of Carrillo v ACF Indus. (20 Cal 4th 1158, 980 P2d 386 [1999]), the Supreme Court undermined the Viad court’s reasoning. In Carrillo, the Supreme Court addressed the preemptive effect of a sister statute to the BIA: the Federal Safety Appliance Act (49 USC § 20301 et seq. [the SAA]), which regulates rail-freight-car safety devices. The court noted that Congress intended the SAA to preempt the entire field of rail-freight-car safety (see, Southern Ry. Co. v Railroad Commn., 236 US 439 [1915]), and therefore the SAA’s preemption “extends beyond the express terms of the statute and regulations to all aspects coming within their contemplation.” (Carrillo v ACF Indus., 20 Cal 4th, at 1168, 980 P2d, at 392.) The Carrillo court also found that the Silkwood and Medtronic decisions (supra), upon which plaintiff relied, did not affect the proposed State tort actions’ preemption by the SAA. Silkwood and Medtronic are inapposite to cases where Congress intends *607 to entirely preempt a field, the Carrillo court held. (Supra.) Inasmuch as Congress intended the BIA to preempt an entire field (see, Napier v Atlantic Coast Line R. R. Co., 272 US, supra, at 613), it is very likely that the California Supreme Court would not follow Viad in the case of tort claims against locomotive manufacturers.
Mr. Seaman’s other arguments lack merit. Inasmuch as the BIA preempts the entire field of locomotive safety, it is irrelevant whether this State’s tort law, under which plaintiff sues, actually conflicts with the statute. (See, Napier v Atlantic Coast Line R. R. Co., 272 US, supra, at 610-611, 613.) It is also irrelevant whether the plaintiff was exposed to asbestos from locomotives in use or “off-line,” because a locomotive’s design, construction, parts and materials, which are regulated by the BIA, are the same whether or not the locomotive is in use. (See, Napier v Atlantic Coast Line R. R. Co., 272 US, at 611-613.)
In summary, the claims of Mr. Seaman and the other plaintiffs are preempted by the BIA, and must be dismissed. Accordingly, it is ordered that the motion by Viad Corporation to dismiss is granted.

 Pursuant to the California Rules of Court pertaining to the publication of appellate opinions the Scheiding decision (supra) of the California Court of Appeal has been depublished because it has been superseded by a grant of review.