JORDAN, Appellant,

v.

CUYAHOGA METROPOLITAN HOUSING AUTHORITY, Appellee.

[Cite as *Jordan v. Cuyahoga Metro. Hous. Auth.*, 161 Ohio App.3d 216, 2005-Ohio-2443.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 84815.

Decided May 19, 2005.

Maria A. Smith and Peter M. Iskin, for appellant.

Audrey H. Davis, Cuyahoga Metropolitan Housing, Authority Legal Department; Taft, Stettinius & Hollister, L.L.P., Timothy J. Duff, Patricia F. Krewson and Lessie M. Milton, for appellee.

KARPINSKI, Presiding Judge.

{¶ 1} Plaintiff, Rosalind Jordan, appeals the trial court's judgment granting a motion of defendant, Cuyahoga Metropolitan Housing Authority ("CMHA"), to dismiss plaintiff's amended complaint.[1] She also appeals the trial court's denial of her motion for leave to file a second amended complaint.

{¶ 2} In 2001, plaintiff was a participant in the federal rent subsidy program known as the Section 8 Housing Choice Voucher Program ("Section 8").[2] CMHA

---

1. Plaintiff's original complaint was filed on December 9, 2003. The first amended complaint was subsequently filed February 4, 2004. Originally, there were two other party defendants, George A. Phillips and Cathy Pennington. Both parties were, however, voluntarily dismissed by plaintiff on April 2, 2004. CMHA is the only remaining defendant in this case.

2. The federal authority derives from the United States Housing Assistance Act, Section 1437f, Title 42, U.S.Code, commonly referred to as Section 8. The Section 8 housing program provides lower income families rent subsidies. Section 8 programs exist nationwide and are typically administered by local housing authorities.

is the administering authority for Section 8 in Cuyahoga County,[3] where plaintiff resides.

{¶ 3} In October 2001, plaintiff's mother, who was visiting, had a dispute with one of plaintiff's neighbors. Afterwards, an investigation occurred to decide whether plaintiff should be terminated from the Section 8 program. At some point during the investigation, plaintiff spoke with Kevin Zapior, a CMHA compliance officer. Because she was still having problems with her neighbor and landlord, plaintiff asked Zapior what she could do.

{¶ 4} When the investigation was completed, Zapior issued a written decision in which he determined that plaintiff should not be terminated from the CMHA Section 8 housing program. At the end of that letter, plaintiff was told to "contact the Section 8 Customer Service Department to receive your moving papers."

{¶ 5} Thereafter, on December 10, 2001, plaintiff signed a statement that she would like to withdraw from the Section 8 program, effective January 31, 2002. Plaintiff believed that by signing the statement, she would be able to leave her present apartment and then move to another Section 8 property, all the while remaining a participant in the Section 8 program. On or about January 31, 2002, CMHA stopped plaintiff's Section 8 rent subsidy payments. CMHA subsequently refused to reinstate plaintiff into the Section 8 program.

{¶ 6} Plaintiff filed suit, alleging that CMHA violated her rights as a disabled or handicapped person under the Americans with Disabilities Act ("ADA"), the Fair Housing Amendments Act ("FHAA"), and Section 504 of the Rehabilitation Act of 1973 ("RHA"). She further alleged that CMHA violated her rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. In her amended complaint, plaintiff alleged that CMHA knew or should have known that she is disabled or handicapped under the various acts and the Fourteenth Amendment.

{¶ 7} On February 20, 2004, CMHA filed its motion to dismiss plaintiff's amended complaint. The basis of its motion was failure to state a claim, Civ.R. 12(B)(6). On April 2, 2004, plaintiff filed a motion for leave to file a second amended complaint. That request was denied on the same day that the trial court granted CMHA's motion to dismiss, May 21, 2004.

{¶ 8} Plaintiff appeals and presents two assignments of error. Because plaintiff's second assignment of error is dispositive of this appeal, we address it first.

---

3. Pursuant to 24 C.F.R. Part 982.

II. The trial court erred, as a matter of law, in denying plaintiff's motion for leave to file a second amended complaint.

{¶ 9} Plaintiff argues that the trial court erred when it denied her motion for leave to file a second amended complaint. We agree.

{¶ 10} Civ.R. 15(A)[4] provides that leave to file an amended pleading "shall be freely given when justice so requires." The decision "to allow a party leave to amend a complaint is within the discretion of the trial court and the ruling should not be disturbed on appeal absent an affirmative showing of an abuse of discretion." *Schweizer v. Riverside Methodist Hosps.* (1996), 108 Ohio App.3d 539, 545, 671 N.E.2d 312, citing *Edmondson v. Steelman* (1992), 87 Ohio App.3d 455, 457, 622 N.E.2d 661.

{¶ 11} Though Civ.R. 15(A) encourages liberal amendment, such motions will be denied if made in bad faith, with undue delay, or undue prejudice to the opposing party. *Turner v. Cent. Local School Dist.* (1999), 85 Ohio St.3d 95, 706 N.E.2d 1261. The primary consideration is whether there is actual prejudice to the opposing party because of the delay. *Schweizer,* supra.

{¶ 12} In the case at bar, plaintiff argues that, had she been allowed to file her second amended complaint, CMHA's motion to dismiss her amended complaint would have been moot. According to plaintiff, her second amended complaint would have cured all the pleading deficiencies CMHA complained about in its motion to dismiss.

The standard of review for a Civ.R. 12(B)(6) motion is consistent with Civ.R. 15(A), which allows a pleader to rectify a poorly pleaded complaint. If a motion for failure to state a claim is sustained, "leave to amend the pleading should be granted unless the court determines that allegations of other statements or facts consistent with the challenged pleading could not possibly cure the defect."

*State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 549, 605 N.E.2d 378, quoting McCormac, Ohio Civil Rules of Practice (2 Ed.1992) 150, Section 6.20.

---

4. {¶ a} Civ.R. 15(A) provides:

{¶ b} A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

{¶ 13} CMHA filed a motion to dismiss plaintiff's amended complaint for the following reasons

Jordan has failed to assert a valid cause of action under Section 1983 because she cannot establish (1) that she was deprived of a right secured by the United States Constitution or federal law, and (2) that any deprivation resulted from an official custom or policy of CMHA.

{¶ 14} Jordan has failed to assert a valid cause of action under Title II of the Americans with Disabilities Act, the Rehabilitation Act of 1973, or the Fair Housing Act because (1) she has not adequately pled a disability substantially limiting one or more major life activities and (2) she has not alleged any discriminatory conduct by CMHA.

{¶ 15} In order for a plaintiff to successfully state a discrimination claim under the ADA and the FHAA for failure to reasonably accommodate, she must allege that (1) "[s]he suffers from a handicap as defined by the FHAA," (2) defendant "knew or reasonably should have known of" plaintiff's handicap, (3) "accommodation of the handicap 'may be necessary' to afford an equal opportunity to use and enjoy [her] dwelling," and (4) defendant "refused to make such accommodation." *McGary v. Portland* (C.A.9, 2004), 386 F.3d 1259, 1262, citing *Giebeler v. M & B Assoc.* (C.A.9, 2003), 343 F.3d 1143, 1146–1147.

{¶ 16} CMHA claims that Jordan did not sufficiently state a claim under Section 1983 because she cannot establish that she was deprived of a right protected by the United States Constitution or federal law or that such deprivation resulted from an official custom or policy of CMHA.

{¶ 17} Under Civ.R. 12(B)(6), plaintiff does not have to "establish" anything; she merely needs to sufficiently "allege facts which would support the existence of an unconstitutional policy or custom[ ]" under Section 1983. *Crumpley–Patterson v. Trinity Lutheran Hosp.* (C.A.8, 2004), 388 F.3d 588, 591, citing *Doe v. Norfolk School Dist.* (C.A.8, 2003), 340 F.3d 605, 614.

{¶ 18} In the case at bar, while the parties were still briefing the issues raised in CMHA's motion to dismiss, plaintiff filed her motion for leave to file a second amended complaint. In that motion, plaintiff implicitly conceded that her amended complaint contained the pleading defects discussed in CMHA's motion to dismiss.[5] Plaintiff attempted to file a second amended complaint, which addressed those defects by adding the following paragraphs:

---

5. In her motion, plaintiff also sought to delete any references to defendants Phillips or Pennington, along with correcting and adding specific section references to the RHA, FHA, and the ADA.

With respect to each allegation in this complaint concerning the action (or failure to act) of CMHA or a CMHA employee or agent, CMHA or the employee or agent acted (or failed to act) as a result of a CMHA policy or custom. The relevant CMHA policies are set forth in the CMHA Administrative Plan for the Section 8 Housing Choice Voucher Program.

* * *

Ms. Jordan's disability under the RHA and ADA, and her handicap under the FHA, is a major depressive disorder, recurrent, severe, not psychotic, and a post-traumatic stress disorder. Among other things, (i) it causes her to become panicky in bad situations and, consequently, to misconstrue matters related to those situations and (ii) it prevents her from engaging in any substantial, gainful activity.

{¶ 19} When we compare the changes plaintiff proposed in her second amended complaint with her amended complaint, we conclude that the paragraphs she added would have ameliorated the pleading deficiencies discussed in CMHA's motion to dismiss. The collective purpose of Civ.R. 12(B)(6) and Civ.R. 15(A) is to encourage such amendments so that a plaintiff can correct pleading deficiencies and thereby proceed to have the case decided on its merits.

{¶ 20} Nonetheless, CMHA opposed plaintiff's motion for leave to file a second amended complaint for the following reasons:

[R]equiring CMHA to respond to a second amended complaint would cause undue prejudice, hardship, and delay. * * * CMHA would be required to analyze Jordan's allegations for a third time and either answer her complaint or move to dismiss again. Further, the briefing schedule set in the Court's Case Management Order would be disrupted.

{¶ 21} In order to determine whether CMHA would have been prejudiced as it claims, we review the trial court's scheduling orders.

{¶ 22} The docket shows that the trial court held a case management conference on March 4, 2004, with briefing on CMHA's motion to dismiss to be completed by April 26, 2004. Plaintiff's motion for leave to file a second amended complaint was filed on April 2, 2004. The next pretrial was set for May 18, 2004. The trial court never set a discovery cutoff date or a trial date.

{¶ 23} On the record before this court, CMHA does not dispute that plaintiff's proposed second amended complaint addressed the problems discussed in its motion to dismiss. Therefore, CMHA's motion to dismiss would have been moot and CMHA would have had to answer the second amended complaint well before the May 18 pretrial date. We, therefore, reject CMHA's claim that it would have been prejudiced by plaintiff filing her second amended complaint.

{¶ 24} Even if CMHA wanted to file another motion to dismiss, we still do not find any undue hardship, delay, or prejudice, because the trial court never set a discovery cutoff or a trial date. Without a discovery deadline or even a trial date, we cannot agree with CMHA that the second amended complaint would have disrupted the court's briefing schedule.

{¶ 25} First, arguing that the court's briefing schedule may be disrupted is the classic example of elevating form over substance, particularly when the second amended complaint would have made the court's briefing schedule superfluous. Second, the second amended complaint effectively corrected the pleading deficiencies that CMHA complained about and that resulted in the dismissal of plaintiff's amended complaint. A properly pled second amended complaint would have made it far more likely that plaintiff's case would be decided on its merits, rather than on pleading defects. Such a result is, of course, always preferable. *National Mut. Ins. Co. v. Papenhagen* (1987), 30 Ohio St.3d 14, 30 OBR 21, 505 N.E.2d 980.

{¶ 26} For the foregoing reasons, we conclude that the trial court abused its discretion when it denied plaintiff's motion for leave to file a second amended complaint in this case. Plaintiff's second assignment of error is sustained. Because we sustain plaintiff's second assignment of error, her first assignment of error is now moot.[6]

{¶ 27} The judgment of the trial court is hereby reversed and this matter remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

KILBANE and McMONAGLE, JJ., concur.

---

6. "I. The trial court erred, as a matter of law, in granting defendant's motion to dismiss plaintiff's amended complaint."