JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Odon Petho Jr. ("Petho"), appeals pro se from the trial court's decision denying leave to amend his pleading. Petho argues that justice and the Ohio Constitution required the trial court to grant him leave to amend his pleading. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On July 27, 2005, Petho filed a lawsuit against the Cuyahoga County Clerk of Courts ("Clerk") and Deputy Clerks, a Judge John Doe, Real Estate Title Service Corporation ("Real Estate"), and Emeric Bozso Jr. ("Bozso"). Petho's complaint alleged that the Clerk, Deputy Clerks and John Doe owed him a duty that they breached by failing to properly record Petho's lien on a property. That property ultimately sold and, as a result, Petho was unable to collect the approximately $15,000 owed to him. *Page 3 
 {¶ 3} The trial court eventually granted a motion to dismiss all parties except the Clerk and Deputy Clerks. After the trial court granted this motion, Petho moved to amend his complaint. The trial court denied this motion as moot, stating that the allegations set forth in Petho's original complaint were sufficient pursuant to Civ.R. 8.
 {¶ 4} On October 6, 2006, the Clerk and Deputy Clerks filed a second motion to dismiss, again citing judicial immunity. On November 8, 2006, the trial court granted the unopposed motion and dismissed the cause of action. Petho appeals, claiming the trial court committed error when it failed to allow him the opportunity to amend his pleading.
 {¶ 5} Civ.R. 15(A) provides that leave to file an amended pleading "shall be freely given when justice so requires." The decision "to allow a party leave to amend a complaint is within the discretion of the trial court and the ruling should not be disturbed on appeal absent an affirmative showing of an abuse of discretion." Jordan v. CuyahogaMetro. Housing Auth., 161 Ohio App.3d 216, 2005-Ohio-2443.
 {¶ 6} Although Civ.R. 15(A) encourages liberal amendment, such motions will be denied if made in bad faith, with undue delay, or undue prejudice to the opposing party. Turner v. Cent. Local School Dist,85 Ohio St.3d 95, 1999-Ohio-207.
 {¶ 7} In the present case, Petho argues that had he been allowed to file a second amended complaint, the motion to dismiss filed by the Clerk and Deputy Clerks would have been denied. According to Petho, his second amended *Page 4 
complaint would have cured all the pleading deficiencies the Clerk and Deputy Clerks alleged in their motion to dismiss.
 "The standard of review for a Civ.R. 12(B)(6) motion is consistent with Civ.R. 15(A), which allows a pleader to rectify a poorly pleaded complaint. If a motion for failure to state a claim is sustained, leave to amend the pleading should be granted unless the court determines that allegations of other statements or facts consistent with the challenged pleading could not possibly cure the defect.'" State ex rel Hanson v. Guernsey Cty. Bd. of Commrs., 65 Ohio St.3d 545, 549, 1992-Ohio-73.
 {¶ 8} The Clerk and Deputy Clerks filed a motion to dismiss alleging judicial immunity from suit. The Clerk and Deputy Clerks argued that their motion should be granted because Petho could prove no set of facts in support of his claim which would entitle him to relief. The Clerk and Deputy Clerks then cited the well-established principle of Ohio law that court clerks have absolute immunity against suits arising out of the performance of judicial or quasi-judicial activities. Inghram v. City ofSheffield Lake (Mar. 7, 1996), Cuyahoga App. No. 69302.
 {¶ 9} The Clerk and Deputy Clerk's Office further cited case law which established that clerks of court are entitled to judicial immunity from liability for the intentional or negligent issuance of false certificates of judgment. Baker v. Court of Common Pleas of CuyahogaCty. (1989), 61 Ohio App.3d 59.
 {¶ 10} Accordingly, the Clerk and Deputy Clerks argued that, even if they improperly record Petho's lien, the recording of a lien is a judicial function to which absolute immunity attaches. *Page 5 
 {¶ 11} Based on this evidence, we conclude that Petho has failed to assert a claim against the Clerk and Deputy Clerks for the erroneous recording of his lien. As such, Petho cannot state a claim for relief pursuant to Civ.R. 12(B)(6). Therefore, there was no way for Petho to cure any defect in his complaint; the complaint was defective from the initiation of the lawsuit in that it sought recovery from an immune agency. The trial court therefore did not err when it denied Petho's motion to amend his pleadings.
 {¶ 12} The judgment of the trial court is affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR *Page 1